## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| Avenue Capital Management II, L.P. et al., | § | Case No. 1:14-cv-02031-PAB-KLM |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Richard F. Schaden, et al., | § | |
| | § | |
| Defendants. | § | JUDGE PHILIP A. BRIMMER |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
JURY DEMAND AND ALLEGATIONS IN COMPLAINT(CM-ECF #28)**

Defendants' Motion to Strike Jury Demand and Allegations in Complaint (CM-ECF #28) should be denied.

### INTRODUCTION

Plaintiffs allege, in great detail, a conspiracy and fraud that ultimately cost Plaintiffs hundreds of millions of dollars. Defendants now claim that this Court should deny Plaintiffs a right to jury trial and strike allegations in the complaint that directly relate to Defendants' scienter. For the following reasons, this Court should deny both requests.

Defendants' contentions regarding the jury waiver fail because Defendants were not signatories to either the Subscription Agreement or Restructuring and Support Agreement ("RSA") and therefore cannot enforce the jury waivers contained therein.

Defendants' demand to strike the factual allegations in paragraphs 48–53 of the Complaint fail for two reasons. First, the portions of the Complaint related to prior false projections (paragraphs 48 and 49) bear directly on Defendants' scienter and thus have a "direct

relation" and "logical connection" to Plaintiffs' claims.  Thus, these allegations should not be stricken.

Second, the references to the Schadens' profit on the original debt restructuring should not be stricken because they are both relevant to scienter and do not constitute impermissible evidence of the Schadens' "financial condition."  Rather, they describe a single transaction and provide context for Defendants' motives in entering the 2012 Transaction.

## FACTUAL BACKGROUND

Beginning in January 2011, Defendants orchestrated a conspiracy to defraud Plaintiffs by concealing, misrepresenting, and artificially inflating the Company's projected gross profits, cash flow, future store counts, average unit volume, franchisee royalties, and related metrics in an effort to induce Plaintiffs to purchase equity in the Company, inject liquidity into the Company, and restructure debt that the Company owed.  Compl. ¶ 1.  Plaintiffs have sued for violations of Section 10(b), Rule 10b-5, Section 20(a), common law fraud, common law conspiracy, and aiding and abetting liability.  In connection with the Transaction, Plaintiffs entered into a RSA and a Subscription Agreement.  Defendants now claim that the RSA and Subscription Agreement waived Plaintiffs' right to a jury trial.

Page 18 of the RSA contains the supposed waiver: "EACH PARTY HERETO UNCONDITIONALLY WAIVES TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING."  The Subscription Agreement similarly provides that: "EACH PARTY HERETO UNCONDITIONALLY WAIVES TRIAL BY JURY IN ANY LEGAL ACTION, PROCEEDING, CLAIM OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY."  Exhibit 4 to

Declaration of Nathaniel Garrett ("Garrett Decl") (CM-ECF #29) at 11.  None of the other transaction documents make any reference to jury waiver.  *See* Exhibits 1-2 and 5 to Garrett Decl.

## ARGUMENT AND AUTHORITIES

I.  **DEFENDANTS' MOTION TO STRIKE THE JURY DEMAND MUST BE DENIED BECAUSE DEFENDANTS ARE NOT PARTIES TO THE CITED AGREEMENTS AND CANNOT ENFORCE THEM**

The United States Supreme Court and the Court of Appeals for the Tenth Circuit have held the right to a jury trial in a civil case is fundamental and expressly protected by the Seventh Amendment.  *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937). Since the "right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Id*.

"Generally, a jury waiver provision in a contract or lease affects only the rights of the parties to that contract or lease."  *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992); *see also Hamid v. Ocwen Loan Servicing, Inc.*, No. 13-62821-CIV-ZLOCH, 2014 U.S. Dist. LEXIS 27115, at *5 (S.D. Fl. Feb. 26, 2014) (refusing to permit a non-party to a contract to enforce a jury waiver contained therein); *Omega v. Deutsche Bank Trust Co. Americas*, 920 F. Supp. 2d 1298, 1300 (S.D. Fl. 2013) (same).  Defendants base their waiver argument on the jury trial waivers in the RSA and Subscription Agreement (Mot. at 4–8), but Defendants are not parties to either agreement.  Both the RSA and Subscription Agreement were entered into between Plaintiffs and QCE Finance LLC.  *See* Ex. 3 at 180, and Ex. 4 at 25.  None of the individual Defendants here are signatories to either agreement.  *Id.*  As non-parties, Defendants do not have

3

the authority to enforce the jury trial provisions in those agreements and, thus, their motion to strike the jury trial demand must be denied.

Furthermore, Defendants do not – because they cannot – argue that they are intended third party beneficiaries of either agreement. In fact, the RSA explicitly provides that "This Agreement is intended for the benefit of the Parties hereto and **no other person or entity shall be a third party beneficiary hereof or have any rights hereunder**." Ex. 3 at C-19.

In sum, because Defendants were neither parties to, nor third-party beneficiaries of, the RSA or Subscription Agreement, they cannot enforce the jury waivers contained therein, and the motion to strike the jury demand must be denied.

## II.   DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT SHOULD BE DENIED

Striking a pleading under Rule 12(f) "is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests." *Purzel Video GmbH v. Smoak*, No. 13-CV-001167, 2014 WL 37269, at *5 (D. Colo. Jan. 6, 2014); *Manning v. Boston Med. Cent. Corp.*, 725 F.3d 34, 59 (10th Cir. 2013) (motions to strike are "disfavored in practice"). This "drastic" remedy of striking pleadings "is often sought by the movant simply as a dilatory or harassing tactic." *Manning,* 725 F.3d at 59. A motion to strike pleadings should thus only be granted in the most extreme cases. *See id.; Purzel Video GmbH*, 2014 WL 37269, at *5. This is why "[i]f there is *any doubt* as to whether to strike a matter, courts should deny the motion." *Friedman v. Dollar Thrifty Auto. Grp.*, No. 12-CV-02432-WYD-KMT, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013) (emphasis added).

Rule 12(f) permits a party to seek a motion to strike where a pleading is redundant, immaterial, impertinent, or scandalous. This means that a motion to strike should be denied,

4

unless the movant can show that the challenged pleadings: (1) do not have any relation or logical connection to the subject matter of the controversy *and* (2) may cause *significant* prejudice to one or more parties to the controversy. *E.g.*, *Friedman*, 2013 WL 5448078, at *2. In fact, "only allegations so unrelated to [a] plaintiff's claims as to be unworthy of any consideration should be stricken." *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). The movant bears the burden to make this showing. *See id*. Moreover, the danger of prejudice is significantly diminished when pleadings merely reflect publicly available information. *See Ortiz v. Cooper Tire & Rubber Co.*, No. CIV-13-32-D, 2013 WL 2151674, at *2 (W.D. Okla. May 16, 2013).

Here, the paragraphs in the Complaint that reference Defendants' pattern of profiteering and fraud are logically related to Plaintiffs' causes of action—indeed, they provide facts supporting scienter, a substantive legal requirement of Plaintiffs' causes of action—and they do not cause significant prejudice to Defendants. *See* Compl. ¶¶ 48-53; 171-205.

### A. Defendants' Past Litigation History Supports Plaintiffs' Scienter Allegations and Do Not Cause Prejudice

Due to Defendants' recent series of misrepresentations, the Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act, SEC Rule 10b-5, and New York fraud and conspiracy laws. Compl. ¶¶ 171-205. Most of these causes of action contain some requirement of scienter. For example, to establish liability under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5, a plaintiff must prove that a defendant acted with scienter, "a mental state embracing intent to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). New York fraud law also requires a showing of scienter: "evidence of conscious misbehavior or recklessness." *King County, Washington v. IKB Deutsche Industriebank AG*, 916 F. Supp. 2d 442, 447 (S.D.N.Y. 2013). New

5

York aiding and abetting fraud law similarly requires a showing of a "reasonable inference of actual knowledge." *Id.* In addition, New York civil conspiracy law requires a showing of intentional conduct, which can be inferred from conduct. *Sackman v. Liggett Grp., Inc.*, 965 F. Supp. 391, 394-95 (E.D.N.Y. 1997).

Plaintiffs allege that Defendants orchestrated a conspiracy to defraud Plaintiffs through a series of misleading financial projections. Compl. ¶ 1. This conspiracy is part of a larger pattern of deception perpetrated by Defendants to mislead current or potential stakeholders regarding the health of Quiznos' finances. *See, e.g.*, *id.* ¶¶ 48-50; 65-66. Accordingly, the Complaint contains facts regarding this larger pattern to support Plaintiffs' scienter allegations. *Id.* ¶¶ 46-170. For example, the facts in the Complaint describing Defendants' familiarity with the importance of projections and the methodology underlying such projections provide context to support that Defendants acted with the requisite state of mind when making the material misrepresentations at issue here. *Id.* ¶¶ 48-49. Facts that provide the necessary context for Plaintiffs' scienter allegations certainly constitute "issues affecting the outcome" of this case and, as Defendants suggest, those facts should remain a focus of this litigation. *See* Mot. to Strike at 10. The fact that Defendants were previously made aware of the critical importance of projections and the risks of inaccurate projections has, at the very least, a relation or logical connection to Plaintiffs' causes of action, and thus should not be stricken. *See Friedman*, 2013 WL 5448078, at *2.[1] Furthermore, Defendants are not prejudiced, in part, because Defendants' involvement in prior

---

[1] Defendants also argue that paragraphs 48 and 49 of the Complaint are somehow in violation of Federal Rule of Evidence 404(b)(1), yet they provide no support or explanation for this contention. Mot. at 10. Regardless, these allegations, pertaining to the Schaden Defendants' prior financial projections, are permissible under Rule 404(b)(1) as evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake, or lack of accident.

litigation and the outcome of that litigation are publicly available court records.  Since the facts in paragraphs 48-49 are publicly available in an extensive collection of court records, briefly mentioning the outcome in the Complaint will not cause further notoriety and *significant* prejudice.  *See Marceaux*, 2012 WL 5197667 at *1; *Ortiz*, 2013 WL 2151674 at *2. Further, any concern of possible prejudice due to exposure to jurors can more appropriately be dealt with by a motion in limine, not the drastic, disfavored remedy of a motion to strike.  *See Marceaux*, 2012 WL 5197667 at *1 (noting prejudice concerns include exposure to jurors).

> **B. Defendants' Pattern of Profiteering from Related Quiznos Transactions Supports Plaintiffs' Claims and Do Not Cause Prejudice**

Facts discussing the 2006 transaction and the substantial debt incurred by the Company at that time provide context for Plaintiffs' claims.  Specifically, these allegations help to explain why Defendants needed to enter into the Transaction at issue here and what their motives were in making the material misrepresentations to Plaintiffs . Compl. ¶¶ 51-53.  Essentially, Defendants first took on massive debt during the 2006 transaction, and then, out of a desire to preserve their profits, induced Plaintiffs into the 2012 Transaction by making material misrepresentations about Quiznos' financial projections.  The facts in the Complaint regarding the Schadens' profiteering provide insight into their motives for making the material representations at issue here and thus, have a "direct relation" and "logical connection" to Plaintiffs' claims.  *See Friedman*, 2013 WL 5448078, at *2.  The Schadens' motivation to place favorable results before proper management of the Company suggests a "common scheme" in the misrepresentations and is relevant to Plaintiff's claims.  *Cf.* Fed. R. Evid. 404(b)(2).

Next, Defendants are correct in stating that "Plaintiffs' allegations in paragraphs 51–53 are *not* tethered to Plaintiffs' request for damages."  Mot. at 11 (emphasis in original).   Plaintiffs'

7

allegations in paragraphs 51–53 are instead tethered to Plaintiffs' substantive claims under Sections 10(b) and 20(a), SEC Rule 10b-5, and New York fraud and conspiracy law. Specifically, paragraphs 51–53 reinforce Plaintiffs' various scienter arguments by showing Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  *See* Fed. R. Evid. 404(b)(2).  These allegations are worthy of consideration and should not be stricken.  *See Shell Oil Co.*, 605 F. Supp. at 1085.

Finally, Defendants mischaracterize these paragraphs as evidence of the Schadens' "financial condition," claiming that evidence of financial condition is generally inadmissible at trial and therefore should be stricken from the pleadings.  Mot. at 11.  This argument fails because facts regarding one specific instance of profiting from a single transaction do not constitute evidence of that person's "financial condition."

There is a stark contrast between a single instance of profit and evidence of a party's combined net worth.  In *Whiteley v. OKC Corp.*, the Tenth Circuit labeled evidence of a corporation's combined total assets as evidence of the corporation's financial condition.  719 F.2d 1051, 1055 n. 3 (10th Cir. 1983).  Thus, the facts in the Complaint about the profit that the Schadens' obtained from a single transaction are not a statement of the Schadens' "combined net worth."

Defendants have failed to meet their burden of proving that they are entitled to the "drastic remedy" provided for by Rule 12(f) and accordingly, paragraphs 48–53 should not be stricken.  Defendants have not shown that these allegations are "unworthy of any consideration." *See Shell Oil Co.*, 605 F. Supp. at 1085.  To the contrary, not only are these allegations related and logically connected to Plaintiffs' causes of action, they provide valuable context for

**8**

Plaintiffs' scienter arguments, which are a necessary element of several of Plaintiffs' causes of action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike should be rejected.

Dated: October 24, 2014

| | |
|---|---|
| */s/ Jeffery A. Dailey* | */s/ Allen L. Lanstra* |
| Daniel F. Wake (CO ID No. 18086) | James T. Markus (CO ID No. 25065) |
| Kali R. Backer (CO ID No. 45436) | Steven R. Rider (CO ID No. 7921) |
| SHOOK HARDY & BACON LLP | MARKUS WILLIAMS YOUNG & ZIMMERMAN LLP |
| 1660 17th Street, Suite 450 | |
| Denver, CO 80202-1254 | 1700 Lincoln Street, Suite 4550 |
| Telephone: (303) 285-5300 | Denver, CO 80203 |
| Fax: (303) 285-5301 | Telephone: (303) 830-0800 |
| | Fax: (303) 830-0809 |
| Stephen M. Baldini | |
| AKIN GUMP STRAUSS HAUER & FELD LLP | Van C. Durrer, II |
| One Bryant Park | Allen L. Lanstra |
| Bank of America Tower | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| New York, NY 10036-6745 | |
| Telephone: (212) 872-1000 | 300 S. Grand Avenue, Suite 3400 |
| Fax: (212) 872-1002 | Los Angeles, CA 90071 |
| | Telephone: (213) 687-5000 |
| Jeffery A. Dailey | Fax: (213) 687-5600 |
| AKIN GUMP STRAUSS HAUER & FELD LLP | |
| Two Commerce Square | Attorneys for Fortress Investment Group, LLC *et al*. |
| 2001 Market Street, Suite 4100 | |
| Philadelphia, PA 19103-7013 | |
| Phone: (215) 965-1200 | |
| Fax: (215) 965-1210 | |
| | |
| Attorneys for Avenue Capital Management II, L.P. *et al*. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Colorado, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jeffery A. Dailey*
Jeffery A. Dailey