IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02031-PAB-KLM

(Consolidated with Civil Action No. 14-cv-02119-PAB-KLM)

AVENUE CAPITAL MANAGEMENT II, L.P., a Delaware limited partnership, et al.,

    Plaintiffs,

v.

RICHARD F. SCHADEN, an individual, et al.,

    Defendants.

RICHARD F. SCHADEN,

    Plaintiff,

v.

AVENUE CAPITAL MANAGEMENT II, LP and FORTRESS INVESTMENT GROUP, LLC,

    Defendants.

**UNOPPOSED MOTION TO EXTEND STAY OF PROCEEDINGS**

In response to the invitation set forth in Judge Mix's order of October 29, 2014 (ECF No. 34), Defendant Richard F. Schaden ("Schaden") hereby submits this short memorandum to explain why he believes that a continued stay of his action (No. 1:14-cv-02119) ("Schaden Action") serves the interests of the parties and the Court and avoids unnecessary duplicative proceedings. In short, the issues being litigated in the larger action (No. 1:14-cv-02031) ("Avenue Action") overlap with the claims and defenses in the Schaden Action, and their resolution in the Avenue Action is likely to

be highly relevant, if not determinative, in the Schaden Action.  As such, Schaden requests that the Schaden Action be stayed in its entirety until resolution of the Avenue Action.

<u>Certificate of Compliance</u>:  Schaden's counsel conferred with counsel for the Avenue and Fortress parties.  Schaden's counsel also conferred with the other Defendants in the Avenue Action.  All parties jointly consent to the relief sought.

1.  On July 1, 2014, Richard F. Schaden filed an action requesting declaratory relief against Avenue Capital Management II, LP and Fortress Investment Group, LLC in the District Court of Boulder County for the State of Colorado.  On July 30, 2014, the defendants removed the state action to this Court, and the case was assigned Civil No. 14-cv-02119.  In the Schaden Action, Schaden alleges that Avenue and Fortress released any claims against, and covenanted not to sue, Schaden and others for acts or omissions arising out of the January 2012 restructuring of Quiznos.  (ECF No. 12 at 3, ¶ 2.)

2.  On July 22, 2014, Plaintiffs filed a complaint against Schaden and various other defendants, and the case was assigned Civil No. 14-cv-02031.  (ECF No. 1.)  Plaintiffs in the Avenue Action bring claims against Defendants, including Richard F. Schaden, for alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78t(a) and various state law claims in connection with the January 2012 restructuring of Quiznos.  (*Id.* at 3 n.1, 13.)  It is apparent that both the Schaden Action and the Avenue Action involve similar, if not identical, claims and defenses and surround the same January 2012 transaction.  The affirmative relief sought in the Schaden Action overlaps completely with the defenses and counterclaims that Defendants (including Schaden) are and will be asserting in the Avenue Action.

3.      In particular, Defendants in the Avenue Action (including Schaden) have filed motions to dismiss arguing, among other things, that Plaintiffs' claims are barred by certain releases contained in the 2012 transaction documents. (ECF Nos. 26 and 27.) Plaintiffs in the Avenue Action have opposed those motions. (ECF Nos. 31 and 32.) Regardless of whether the Court resolves these issues at the pleadings stage or thereafter, that decision is likely to be greatly persuasive, if not preclusive, in the Schaden Action, which involves the exact same releases. Similarly, Defendants in the Avenue Action (including Schaden) expect to assert affirmative claims for breach of the very same covenant not to sue that is alleged in the Schaden Action. The parties believe that their resources, and those of the Court, should be focused on resolving these issues within the context of the larger Avenue Action.

4.      "Although stays are generally disfavored, '[t]he Court has broad discretion to stay proceedings as incidental to its power to control its own docket.'" *Reality Tech., Inc. v. Countertrade Products, Inc.*, No. 10-cv-01791-PAB-KLM, 2010 U.S. Dist. LEXIS 138106, *2 (D. Colo. Dec. 16, 2010) (citing *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, *2009 WL 1965521*, at *1 (D. Colo. July 6, 2009); *StringCheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). "It is well settled that [a] district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Such stays are particularly appropriate where resolution in one matter is likely to be determinative in the other. *See Culbertson v. Midwest Uranium Co.,* 132 F. Supp. 678, 681 (D. Utah 1955); *see also Alter v. FDIC*, No. 2:13-cv-456 TS, 2014 U.S. Dist. LEXIS 153317, *17 (granting stay where "it is likely that

a resolution of the Pennsylvania Action will have some preclusive effect on important issues in this case").

5.      Schaden therefore seeks to stay all proceedings in the Schaden Action pending resolution of the Avenue Action, and the other parties do not oppose this request.  If the Avenue Action is resolved, by judgment or otherwise, in a manner that does not fully resolve the claims or defenses in the Schaden Action, then Schaden may seek to reopen the Schaden Action.  However, the parties believe that the far more likely outcome is that resolution of the Avenue Action (including the anticipated counterclaims) will obviate the need for any further proceedings in the Schaden Action.

WHEREFORE, Defendant Richard F. Schaden hereby respectfully requests the Court grant the Unopposed Motion to Extend the Stay of all proceedings in the Schaden Action (Civil No. 1:14-cv-02119) pending resolution of the Avenue Action (Civil No. 1:14-cv-02031).  If the Court is not inclined to grant this motion, Schaden requests that the Court grant him 10 days from entry of its order denying the motion in which to file an opposition to the motion to dismiss filed by the Schaden Action Defendants.

Dated:  November 4, 2014                        Respectfully Submitted,

By: *s/Richard F. Schaden*
Richard F. Schaden, PLLC
9596 Metro Airport Avenue
Broomfield, CO 80021
Telephone: (303) 867-1567
Facsimile: (303) 867-1565

*Pro Se*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2014, a true and correct copy of the foregoing UNOPPOSED MOTION TO EXTEND STAY OF PROCEEDINGS was served on the following via CM/ECF and/or US Mail, or as indicated below:

Daniel F. Wake, Esq., #18086
Kali R. Backer, Esq., #45436
Shook Hardy & Bacon L.L.P.
1660 17th Street, Suite 450
Denver, CO  80202-1254
Phone: 303-285-5300
Fax: 303-285-5301

Stephen M. Baldini, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryan Park
Bank of America Tower
New York, NY  10036-6745
Phone: 212-872-1000
Fax: 212-872-1002

Jeffrey A. Dailey, Esq.
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA  19103-7013
Phone: 215-965-1200
Fax: 215-965-1210

Van C. Durrer, II, Esq.
Allen L. Lanstra, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA  90071
Phone: 213-687-5000
Fax: 213-687-5600

James T. Markus, Esq., #25065
Steven R. Rider, Esq., #7921
Markus Williams Young & Zimmerman LLP
1700 Lincoln Street, Suite 4550
Denver, CO  80203
Phone: 303-830-0800
Fax: 303-830-0809

Bruce Scott Bennett
Christopher J. Lovrien
Nathaniel P. Garrett
Jones Day
555 S. Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Phone: 213-489-3939
Fax: 213-243-2539

*s/Richard F. Schaden*
Richard F. Schaden