## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02031-PAB-KLM

AVENUE CAPITAL MANAGEMENT II, L.P., et al.

      Plaintiffs,

v.

RICHARD F. SCHADEN, et al.

      Defendants.

_____

### CIVIL SCHEDULING ORDER
_____

### 1.   DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference will be held on December 10, 2014 in front of Magistrate Judge

Kristen L. Mix at 2:00 PM in Courtroom C-204.

Plaintiffs Avenue Capital Management II, L.P., Avenue International Master, L.P., Avenue

Investments, L.P., Avenue Special Situations Fund VI (Master), L.P., Managed Accounts Master

Fund Services – MAP10, Avenue-CDP Global Opportunities Fund, L.P., Avenue Special

Opportunities Co-Investment Fund I, L.P., Avenue Special Opportunities Fund I, L.P. (collectively,

"Avenue") are represented by:

Stephen M. Baldini
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745
Telephone: (212) 872-1000
Fax: (212) 872-1002

Jeffery A. Dailey
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Telephone: (215) 965-1200
Fax: (215) 965-1210

&

Daniel F. Wake (CO ID No. 18086)
Kali R. Backer (CO ID No. 45436)
SHOOK HARDY & BACON LLP
1660 17th Street, Suite 450
Denver, CO 80202-1254
Telephone: (303) 285-5300
Fax: (303) 285-5301

Drawbridge Special Opportunities Fund LP, Drawbridge Special Opportunities Fund LTD,

FCI Holdings I LTD, FCI Holdings II LTD, FCOF II UB Securities LLC, FCOF UB Investments

LLC, FTS SIP L.P., Pangaea CLO 2007-1 LTD, Sargas CLO I LTD, Worden Master Fund II LP,

and Worden Master Fund LP (collectively, "Fortress") are represented by:

| | |
|---|---|
| Van C. Durrer, II | James T. Markus (CO ID No. 25065) |
| Allen L. Lanstra | Steven R. Rider (CO ID No. 7921) |
| SKADDEN, ARPS, SLATE, | MARKUS WILLIAMS YOUNG |
| MEAGHER & FLOM LLP | & ZIMMERMAN LLP |
| 300 S. Grand Avenue, Suite 3400 | 1700 Lincoln Street, Suite 4550 |
| Los Angeles, CA 90071 | Denver, CO 80203 |
| Telephone: (213) 687-5000 | Telephone: (303) 830-0800 |
| Fax: (213) 687-5600 | Fax: (303) 830-0809 |

Defendants Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Greg

MacDonald, Dennis Smythe, Andrew R. Lee, Patrick E. Meyers, John M. Moore, Thomas Ryan,

and Consumer Capital Partners LLC are represented by:

Bruce Bennett
Christopher Lovrien
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 243-2316
Fax: (213) 243-2539

2

Defendant Richard F. Schaden also is represented by:

Bruce A. Lampert
8501 Turnpike Dr., Suite 211
Westminster, CO 80031
Telephone: (303) 465-3663
Fax: (303) 465-3884

## 2.  STATEMENT OF JURISDICTION

a.   Plaintiffs

The Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as the Plaintiffs bring

claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act"), codified at 15 U.S.C. §§ 78j(b) and 78t(a), respectively, and the Securities and

Exchange Commission Rule 10b-5 ("Rule 10b-5"), codified at 17 C.F.R. § 240.10b-5, which

prohibit material misstatements or omissions in connection with the purchase or sale of securities.

The Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C.

§ 1367.

Quiznos (or the "Company")[1] was and is managed on a day-to-day basis from offices

located in Denver, Colorado. All Defendants reside in Colorado. The Board routinely met at the

Company's headquarters in Denver. Plaintiffs claim that Defendants' fraud was conceived,

implemented, and consummated in Denver, Colorado, and thus a substantial part of the events,

misrepresentations, and omissions giving rise to the Plaintiffs' claims occurred in this District.

Venue is proper in this District pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).

---

[1] "Quiznos" or the "Company" are used herein as shorthand. Quiznos' financial performance historically was consolidated and reported through QCE, LLC, a Delaware limited liability company. Before the January 24, 2012 Transaction which ultimately gives rise to this lawsuit, QCE's sole member was QCE Finance LLC ("QCE Finance"); after the Transaction, QCE's sole member was QCE Parent LLC, which thereafter renamed itself QCE Finance. QCE Parent LLC ("QCE Parent"), a Delaware limited liability company, is the post-Transaction parent entity of and holding company for QCE.

b.   Defendants

Defendants do not dispute that jurisdiction and venue currently are proper in this Court,

although Defendants dispute that the federal securities laws apply to the transaction at issue in this

case and deny the material allegations of the complaint, including the allegations that any of the

Defendants committed fraud.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiffs:

Defendants are former high-level executives and board members of Quiznos that conspired

to defraud the Plaintiffs by making knowingly false statements to, and omitting and concealing

other material facts from, Plaintiffs during the sale of Quiznos in January 2012 about, among

others, projected gross profits, cash flow, store counts, average unit volume ("AUV"), franchisee

royalties, and related metrics.  As a result, Plaintiffs were induced to purchase equity in the

Company, inject liquidity into the Company, and restructure debt that the Company owed to the

Plaintiffs (the "Transaction").

Count I alleges that Defendants MacDonald and Smythe violated Section 10(b) of the

Exchange Act and Rule 10b-5.  Count II alleges violations of Section 20(a) of the Exchange Act

against all Defendants.  Count III alleges Civil Conspiracy under New York law against all

Defendants.  Count IV alleges Common Law Fraud under New York law against Defendants

MacDonald and Smythe.  Count V alleges Common Law Aiding and Abetting Fraud under New

York law against all Defendants.

b.  Defendants

Plaintiffs are sophisticated distressed debt investors who, after months of due diligence

aided by sophisticated legal and financial advisors, took control of Quiznos on January 24, 2012.

In doing so, Plaintiffs knew that the Company had lost a significant percentage of its franchise stores and had breached a loan covenant, and that a competing proposal put forth by certain minority owners of Quiznos (who are not parties to this case) put the value of the Company approximately $200 million below the value of Plaintiffs' proposal. As part of the Transaction, Defendants simply forfeited their ownership interests and handed the keys to the Company over to Plaintiffs. Defendants did not receive *any* monetary consideration as part of the restructuring transaction. They had no motive to, and did not, make misrepresentations to induce the deal.

After the Transaction, Plaintiffs immediately brought in their handpicked management team. Their efforts to turn-around the Company failed, and in March 2014, the Company filed for bankruptcy. In a misguided attempt to deflect blame for their own investment choices and management failures, Plaintiffs and their management team spent significant time – and Quiznos capital – on a forensic investigation with the predetermined purpose of blaming *Defendants* for the Company's poor performance under *Plaintiffs'* leadership.

Despite these efforts – undertaken with full access to Quiznos' systems and employees – Plaintiffs have not identified any material misstatements of present or past fact made by any of the Defendants. Instead, Plaintiffs claim that they were induced to enter into the Transaction by *forward looking projections* of the Company's *anticipated* future financial results provided by the Officer Defendants in the offering memorandum. (Complaint at ¶ 8.) Those projections were made in good faith and none of the Defendants sought to mislead Plaintiffs. But, more importantly, Plaintiffs knew – both because they are sophisticated distressed investors and because the Transaction documents expressly provided – that forward looking projections are inherently speculative and cannot form the basis of a fraud claim.

Plaintiffs' claims also fail for independent legal reasons, including those set forth in

Defendants' motions to dismiss.  *See* ECF Nos. 26, 27.  First, Plaintiffs' acquisition of the

controlling LLC interests in the Company is not the type of passive investment in securities that is

subject to the federal securities laws.  Second, Plaintiffs' federal securities claims are barred by the

two-year statute of limitations because Plaintiffs discovered the alleged "gap" in the Company's

future financial projections no later than February 2012 but failed to file suit until July 2014.

Third, all Plaintiffs' claims are barred because they released all claims arising out of the

restructuring transaction.  Finally, Plaintiffs' assertion of claims in this case violates the covenant

not to sue parties to the 2012 Transaction (including Defendants) for claims in any way arising out

of that deal.

> c.  Other Parties

There are no other parties to this lawsuit.

### 4.   UNDISPUTED FACTS

The following facts are undisputed:

1.   Quiznos is a franchisor of restaurants, offering sandwiches, salads, soups, and

beverages, as well as catering services within the quick service segment of the restaurant industry.

2.   The first Quiznos restaurant was opened in 1981 in Denver, Colorado.

3.   On January 24, 2012 Quiznos was acquired by new investors, including Avenue

Capital Management L.P., Fortress Investment Group, and related entities.

4.   Before the January 24, 2012 Transaction, the ultimate parent Company of Quiznos

was QCE Holding LLC ("QCEH"), which was the majority member of QCE Incentive LLC

("QCEI").  QCEI, in turn, was the sole member of QCE Finance LLC.

5.      After the January 24, 2012 Transaction, QCE's sole member was QCE Parent LLC, which thereafter renamed itself QCE Finance.  QCE Parent LLC, a Delaware limited liability company, is the post-Transaction parent entity of and holding company for QCE.

6.      As part of the January 24, 2012 Transaction, Avenue and Fortress acquired a controlling, nearly 100% ownership stake in the post-Transaction Quiznos parent company (QCE Parent LLC), renamed QCE Finance LLC post-Transaction.

7.      Avenue and Fortress were two of the largest lenders for Quiznos before the January 24, 2012 Transaction, owning large portions of both the First and Second Lien Facilities.

8.      Avenue International Master, L.P., Avenue Investments, L.P., Avenue Special Situations Fund VI (Master), L.P., Managed Accounts Master Fund Services – MAP10, Avenue-CDP Global Opportunities Fund, L.P., Avenue Special Opportunities Co-Investment Fund I, L.P., and Avenue Special Opportunities Fund I, L.P. are funds affiliated with Avenue Capital Management II, L.P.

9.      Drawbridge Special Opportunities Fund LP, Drawbridge Special Opportunities Fund LTD, FCI Holdings I LTD, FCI Holdings II LTD, FCOF II UB Securities LLC, FCOF UB Investments LLC, FTS SIP L.P., Pangaea CLO 2007-1 LTD, Sargas CLO I LTD, Worden Master Fund II LP, and Worden Master Fund LP are funds affiliated with Fortress Investment Group LLC.

10.     Richard F. Schaden ("Richard Schaden") was a member of the Board from May 2006 until the January 24, 2012 Transaction with the Plaintiffs.

11.     Richard E. Schaden ("Rick Schaden") was a member, and Chairman of the Board, beginning in May 2006 until his resignation on August 4, 2011.  Rick Schaden also previously served as CEO of Quiznos until September 2010.

12.    Defendant Frederick H. Schaden ("Fred Schaden") is Richard Schaden's brother and Rick Schaden's uncle. Fred Schaden was a member of the Board from May 2006 until the January 24, 2012 Transaction.

13.    Defendant Greg MacDonald was the President and CEO of, among others, QCE Holding, QCE Incentive, QCE Finance and QCE from October 2010 (CEO) and July 2009 (President), respectively, until the January 24, 2012 Transaction. After the Transaction, MacDonald remained the President and CEO of QCE Parent and QCE until August 2012.

14.    Defendant Dennis Smythe was the Chief Financial Officer ("CFO") of, among others, QCE Holding, QCE Incentive, QCE Finance and QCE from October 2010 until the Transaction. He previously served as Executive Vice President of QCE Finance and Accounting, between October 2009 and October 2010. After the January 24, 2012 Transaction, Smythe remained the CFO of QCE Parent and QCE until April 2012.

15.    Defendant Andrew R. Lee became a member of the Board on or about August 4, 2011, and served on the Board until the January 24, 2012 Transaction. In addition, since 2006 Lee has been in-house counsel to RFS Investments, LLC, a private holding company affiliated with Richard Schaden.

16.    Defendant Patrick E. Meyers became a member of the Board on or about May 2006, and served on the Board until the Transaction. Meyers also held, during the relevant time period, the following positions: Executive Vice President of QCE Holding, Cervantes Master LLC, and QCE Finance.

17.    Defendant John M. Moore became a member of the Board on or about July 29, 2011, and served on the Board until the Transaction.

18.     Defendant Thomas Ryan became a member of the Board in August 2008, and served on the Board until the Transaction.

## 5.  COMPUTATION OF DAMAGES

Plaintiffs seek damages adequate to compensate for the acts committed by the Defendants. The appropriate measure of damages will be the subject of expert testimony, but is likely several hundred million dollars.  Plaintiffs will submit a report under Federal Rule of Civil Procedure 26(a)(2)(B) consistent with the Scheduling Order to be entered by the Court in this litigation.

Defendants deny Plaintiffs are entitled to any damages.  With regard to Defendants' anticipated counterclaim for the breach of covenant not to sue, damages include the amount of fees and costs they are required to pay in order defend themselves.  These damages are ongoing and are expected to amount to millions of dollars.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting.

The Rule 26(f) meeting was held on November 17, 2014.

b.   Names of each participant and party he/she represented.

| | |
|---|---|
| Jeffery A. Dailey | Daniel F. Wake (CO ID No. 18086) |
| Paul T. McGurkin, Jr. | SHOOK HARDY & BACON LLP |
| AKIN GUMP STRAUSS HAUER & FELD LLP | |

Attorneys for Avenue Capital Management II, L.P., et al.

| | |
|---|---|
| Allen L. Lanstra | James T. Markus (CO ID No. 25065) |
| SKADDEN, ARPS, SLATE, | MARKUS WILLIAMS YOUNG & |
| MEAGER & FLOM LLP | ZIMMERMAN LLP |

Attorneys for Fortress Investment Group, LLC, et al.

| | |
|---|---|
| Christopher Lovrien | Timothy R. Beyer |
| JONES DAY | BRYAN CAVE LLP |

9

Attorneys for Defendants

    c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

    Rule 26(a)(1) disclosures were made on December 1, 2014.

    d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P.
       26(a)(1).

    There are no proposed changes to the timing or requirements of disclosures.

    e.   Statement concerning any agreement to conduct informal discovery:

    Pursuant to the applicable securities laws, discovery is currently stayed pending disposition
of any motions to dismiss.

    (i) Defendants:

    Defendants seek to lift the stay at the Rule 26 conference. The purpose of the PSLRA

discovery stay is to protect defendants from burdensome and unnecessary discovery costs. *See SG*

*Cowen Sec. Corp. v. U.S. Dist. Court for the N. Dist. of Calif.*, 189 F.3d 909, 911 (9th Cir. 1999).

In this case, however, Defendants are concerned about the preservation of documents and

information in the possession of third parties (including financial advisors and consultants). The

potential prejudice to Defendants from third parties' failure to preserve relevant documents is

heightened in this case because Plaintiffs are in possession of both their documents and those of

Quiznos related to the Transaction and the forensic investigation, while Defendants have not had

access to Quiznos' documents and systems since 2012. Defendants need access to these documents

to assess Plaintiffs' claims and to formulate their factual defenses.   Defendants have requested

that, at minimum, Plaintiffs immediately turn over all due diligence and datarooms from the 2012

Transaction. These due diligence materials clearly are relevant and discoverable and they do not

need to be reviewed for privilege.   Defendants are amenable to delaying deposition discovery

[handwritten annotation: Δs will file mo to l/ft stay by Dec. 19, πs to respond by Jan. 2. No replies will be permitted.]

until after the Court has ruled on their motions to dismiss and the parties have had an opportunity to review a meaningful amount of document discovery.

(ii) Plaintiffs:

Plaintiffs disagree that the discovery stay should be lifted, but do not oppose Defendants notifying third parties that documents should be preserved.  Plaintiffs disagree with Defendants' position that documents in the dataroom need not be reviewed for privilege and believe that such a review will be a substantial undertaking.

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties will work cooperatively to reduce discovery and other litigation costs. Defendants are amenable to using a unified exhibit numbering system at depositions and in trial.

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that Plaintiffs' claims and any potential counterclaims will involve extensive electronically stored information and that a substantial amount of disclosure and discovery will involve information or records maintained in electronic form.  As the Manager Defendants have had no role with Quiznos since January 24, 2012, and the Officer Defendants left the Company within months of the deal, Defendants believe that the majority of this information is stored and maintained by Plaintiffs and third parties.

The parties have taken steps to preserve electronically stored information and will facilitate the discovery of such information and limit the associated discovery costs and delay.  The parties will work together to avoid discovery disputes in this area.  The parties currently have no

11

agreements regarding claims of privilege.  They are continuing to discuss disputes regarding who holds the privilege of certain pre-Transaction documents.  All data and documents shall be preserved pending the resolution of this matter.

    h.  Statement summarizing the parties' discussions regarding the possibility for promptly settling or resolving the case.

The parties do not believe that a prompt resolution to the case is feasible at this time.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

    a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties propose that the number of depositions permitted be extended to 40 depositions per side, not including experts.  The increased number of depositions is necessary due to the number of parties in the case, as well as the involvement of numerous third party entities in the 2012 Transaction.  The parties propose that each side be permitted to propound 50 interrogatories with the ability to seek leave to propound additional interrogatories if necessary.

    b.  Limitations which any party proposes on the length of depositions.

The parties believe that most depositions can be completed in the time provided in Federal Rule of Civil Procedure 30(d)(1).

    c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties jointly propose that each side should be permitted to propound 100 requests for production and 50 requests for admission to the other side.  If a party later believes that good

causes exists for additional requests, the parties should meet and confer, and absent agreement, the

party seeking to propound additional requests should seek the Court's permission.

      d.  Other Planning or Discovery Orders

      No opposed discovery motions are to be filed with the Court until the parties comply with

D.C.COLO.LCivR. 7.1A.  If the parties are unable to reach agreement on a discovery issue after

conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue.

Both of these steps must be completed before any contested discovery motions are filed with the

Court.

      The parties agree that a protective order will be necessary in this case.  The parties will

submit a stipulated protective order for the Court's review.

### 9.  CASE PLAN AND SCHEDULE

      a.  Deadline for Joinder of Parties and Amendments of Pleadings:

      The parties propose that any joinder of parties and amendment of pleadings must take place

within 90 days of disposition of all motions to dismiss.

      b.  ~~Fact~~ Discovery Cut-off:  *One year after discovery commences. Discovery will ~~be~~ begin after of disposition of all motions to dismiss, absent further order of court.*

~~The parties propose that fact discovery shall last one-year from the date it commences.~~

Plaintiffs believe that fact discovery should commence ~~after the disposition of all motions to

dismiss, including those filed by any party joined under 9.a..~~  Defendants believe fact discovery

~~should commence immediately following the December 10 status conference.~~

      c.  Dispositive Motion Deadline:

      The parties propose that the Dispositive Motion Deadline be 45 days after the completion of

all expert disclosures and depositions of experts.

d.  Expert Witness Disclosure

   1.  The Parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs may offer expert testimony about the falsity of Defendants' statements, causation,

and damages.

Defendants may offer expert testimony to rebut any expert testimony proffered by

Plaintiffs.  Defendants may also offer expert testimony regarding damages and corporate

transactions.

   2.  Limitations which the parties propose on the use or number of expert witnesses.

~~None.~~ *Parties shall be limited to Three (3) affirmative expert witness per side.*

   3.  The party bearing the burden of proof shall designate all experts and provide

      opposing counsel and any pro se parties with all information specified in Fed. R.

      Civ. P. 26(a)(2) 30 days after the fact discovery cut-off.

   4.  The party not bearing the burden of proof shall designate all rebuttal experts and

      provide opposing counsel and any pro se party with all information specified in

      Fed. R. Civ. P. 26(a)(2) 45 days after designation of experts under 9.d.3.
      *Rule 702 motions are due 30 days after designation of rebuttal experts.*

   5.  Depositions of all experts shall occur within 30 days of the deadline to disclose

      rebuttal experts.  *Expert discovery cutoff is 30 days after deadline to disclose rebuttal experts.*

e.  Identification of Persons to be Deposed:

Individuals identified in Plaintiffs' and Defendants' Initial Disclosures.  The parties

anticipate that additional persons may be identified during the course of discovery.

f.  Deadlines for Interrogatories:

Interrogatories shall be served no later than 270 days from the commencement of fact

discovery.

g.  Deadline for Requests for Production of Documents and/or Admissions

Requests for production and request for admission shall be served no later than 270 days

from the commencement of fact discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times: *As needed.*

(1) Approximately _____ days from the date of disposition of all motions to dismiss,

including those filed by any party joined under 9.a.

(2) Approximately _____ days from the date of disposition of any dispositive motion filed

after discovery.

b.  A final pretrial conference will be held in this case on _____ at ___ o'clock *a date to be determined in the future*

_____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the

court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith

effort, were unable to reach an agreement.

None, other than as set forth elsewhere herein.

b.  Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will last between three and four weeks.

Plaintiffs have demanded a jury.  Defendants have moved to strike the jury demand.  *See*

ECF No. 28.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or

economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood

Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

There are no pretrial proceedings which would be more efficiently or economically conducted at those locations.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of _____, 2014.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/Jeffery A. Dailey                           /s/Christopher Lovrien
_____                    _____

Daniel F. Wake (CO ID No. 18086)          Bruce Bennett
Kali R. Backer (CO ID No. 45436)          Christopher Lovrien
SHOOK HARDY & BACON LLP                   JONES DAY
1660 17th Street, Suite 450               555 South Flower Street, 50th Floor
Denver, CO 80202-1254                     Los Angeles, CA 90071
Telephone: (303) 285-5300                 Telephone: (213) 243-2316
Fax: (303) 285-5301                       Fax: (213) 243-2539

&                                         Attorneys for Defendants

Stephen M. Baldini                        Bruce Lampert
AKIN GUMP STRAUSS HAUER & FELD LLP         8501 Turnpike Dr., Suite 211
One Bryant Park                           Westminster, CO 80031
Bank of America Tower
New York, NY 10036-6745                   Attorney for Richard F. Schaden
Telephone: (212) 872-1000
Fax: (212) 872-1002

&

Jeffery A. Dailey
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Phone: (215) 965-1200
Fax: (215) 965-1210

Attorneys for Avenue Capital Management II, L.P., et al.

/s/Allen L. Lanstra
Van C. Durrer, II
Allen L. Lanstra
SKADDEN, ARPS, SLATE,
  MEAGER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

&

James T. Markus (CO ID No. 25065)
Steven R. Rider (CO ID No. 7921)
MARKUS WILLIAMS YOUNG &
  ZIMMERMAN LLP
1700 Lincoln Street, Suite 4550
Denver, CO 80203
Telephone: (303) 830-0800
Fax: (303) 830-0809

Attorneys for Fortress Investment Group, LLC, et al.