IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02031-PAB-KLM

AVENUE CAPITAL MANAGEMENT II, LP, et al.,

    Plaintiffs,

v.

RICHARD F. SCHADEN, et al.,

    Defendants.

## MOTION TO LIFT DISCOVERY STAY

Richard F. Schaden, Richard E. Schaden, Frederick H. Schaden, Andrew R. Lee, Patrick E. Meyers, John M. Moore, Thomas Ryan, Greg Macdonald, Dennis Smythe, and Consumer Capital Partners LLC (collectively "Defendants"), by their undersigned counsel and pursuant to 15 U.S.C. § 78u-4(b)(3)(B), hereby move to lift the discovery stay:

### INTRODUCTION

As part of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Congress enacted a discovery stay when a motion to dismiss is filed in cases involving claims for securities fraud. The purpose of the stay is to prevent plaintiffs from filing meritless suits for the purpose of propounding discovery to determine if a sustainable claim could be found in the defendant's documents. Congress allowed, however, that particularized discovery is permissible in cases that present a risk of undue prejudice or lost evidence.

Under the unusual circumstances of this case, application of the discovery stay would flout Congressional intent.  Plaintiffs are distressed-debt investment funds that acquired a controlling interest in Quiznos through a 2012 restructuring transaction.  Plaintiffs, who assert securities fraud claims against the former officers and managers of Quiznos' parent LLC, now maintain exclusive control over most of the relevant documents in this case.  Accordingly, it is *Defendants* who seek to lift the discovery stay.  Because the documents sought by Defendants will corroborate the defects in Plaintiffs' case, lifting the discovery stay would promote the legislative intent behind § 78u-4(b)(3)(B).  It would also be consistent with the express terms of the statute.

The discovery sought by Defendants herein is particularized.  Rather than seeking wholesale discovery, Defendants ask the stay be lifted to allow discovery of three clearly-defined categories of documents.  Moreover, the discovery Defendants seek is necessary to preserve evidence and prevent undue prejudice.  Defendants need targeted discovery from Plaintiffs to remedy the informational imbalance that Plaintiffs are manipulating in an effort to get their case past the pleading stage.  And Defendants require discovery from third parties, who presently are under no burden to preserve relevant evidence, to ensure that critical evidence is not destroyed, inadvertently or otherwise.  Because Defendants' targeted requests comply with the spirit and letter of the law, the motion to lift the discovery stay should be granted.

## BACKGROUND

Plaintiffs are funds affiliated with Avenue Capital Management II, L.P. (collectively "Avenue") and Fortress Investment Group LLC (collectively "Fortress").  (Compl. ¶¶ 13-14, ECF No. 1.)  They allege that former officers of the limited liability companies comprising the Quiznos brand gave them overly optimistic projections that induced them in late 2011 and early 2012 to

convert millions of dollars in loans into membership interests in Quiznos, and to inject additional capital into the Company. (*See id.* ¶¶ 22-23, 51-52, 69-76.)

Plaintiffs assert a claim under Section 10(b) of the Exchange Act and SEC Rule 10b-5 against Quiznos' former CEO and CFO based on the forward-looking projections that allegedly induced them to acquire the Company. (ECF No. 1 ¶¶ 171-182.) Plaintiffs also assert a claim under Section 20(a) of the Exchange Act—the "control" provision—against the remaining defendants based on the allegation that they are jointly and severally liable for securities fraud. (*Id.* ¶¶ 183-189.) As relevant here, Plaintiffs attempt to satisfy their obligation to allege scienter under the securities laws by misconstruing and quoting out of context innocuous communications made by Defendants in anticipation of the 2012 restructuring. (*E.g.*, *id.* ¶¶ 78-149.)

Defendants moved to dismiss Plaintiffs' securities fraud claims on October 3, 2014. (*See* Officer Defs.' Mot. to Dismiss Compl., ECF No. 26; Manager Defs.' Mot. to Dismiss Compl., ECF No. 27.) Among other things, Defendants' motions argued that: (1) the LLC interests Plaintiffs purchased as part of the 2012 transactions are not "securities" for purposes of federal law; (2) the securities fraud claims are barred by the statute of limitations; (3) the claims are barred by the bespeaks caution doctrine; (4) Plaintiffs fail to allege securities fraud with specificity; and (5) the Complaint fails to allege that the Manager Defendants "controlled" the restructuring transaction upon which the underlying fraud claim is based. (ECF No. 26 at 5-13; ECF No. 27 at 8-12.)

Defendants' motions to dismiss automatically triggered 15 U.S.C. § 78u-4(b)(3)(B), which provides that in a private action arising under the federal securities laws, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to

prevent undue prejudice to that party." For the reasons explained herein, Defendants should be allowed to pursue targeted discovery during the pendency of their motions to dismiss.

## ARGUMENT

### I. TARGETED DISCOVERY IS WHOLLY CONSONANT WITH THE PURPOSES OF THE PSLRA'S STAY PROVISION.

Congress enacted the automatic stay provision in § 78u-4 in 1995 as part of the Private Securities Litigation Reform Act, Pub. L. 104-67, 109 Stat. 737. According to Congress, the stay provision was enacted because securities "plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." Sen. Report No. 104-98, 104th Congress, *reprinted in* 1995 U.S.C.C.A.N. 679, 693 (1995). Accordingly, to prevent "fishing expeditions," Congress "determined that discovery should be permitted … only after the court has sustained the legal sufficiency of the … complaint." *Id.*

In a typical securities fraud case, the defendant company retains exclusive possession of documents bearing on the plaintiff's claims of securities fraud (*i.e.*, accounting materials, executive emails, etc.). The PSLRA's discovery provision thus was enacted to protect defendants from incurring unnecessary costs and unwarranted intrusion into company documents on the basis of a meritless complaint. Under the unusual circumstances of this case, however, the discovery stay interferes with Defendants' ability to swiftly resolve Plaintiffs' meritless claims.

As part of the 2012 transaction, Avenue and Fortress acquired a controlling, nearly 100% ownership stake in Quiznos' parent company. (*See* Civil Scheduling Order at 7, ECF No. 45.) As a result, Plaintiffs came into possession of both their documents and those of Quiznos related to the 2012 transaction. (*Id.* at 10.) Conversely, Defendants have not had access to Quiznos' documents and systems since 2012. (*Id.*) Plaintiffs have turned this disparity to their advantage, misconstruing

communications and documents related to the 2012 restructuring in their complaint.[1]  Defendants need access to these documents, among others, to assess Plaintiffs' claims and formulate their factual defenses.

Because the PSLRA's discovery stay is intended to protect *defendants* from the costs of defending against meritless claims, permitting Defendants to take targeted discovery before resolution of their motion to dismiss presents no affront to the purpose of § 78u-4.  That conclusion is all the stronger because, as shown below, Defendants' requested discovery satisfies the elements of permissible discovery under § 78u-4(b)(3)(B).

## II.  DEFENDANTS' REQUESTED DISCOVERY IS PARTICULARIZED.

According to § 78u-4(b)(3)(B), lifting the PSLRA's discovery stay may be appropriate if the requested discovery is "particularized."  Although the concept of particularized discovery is a "'nebulous one,'" the phrase does not "necessarily mean 'small.'"  *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (citation omitted).  Rather, the meaning of the term "must take into account the nature of the underlying litigation," and is satisfied if the requested discovery seeks a "'clearly defined universe of documents,'" as opposed to "virtually unlimited discovery requests."  *Id.* (citation omitted); *see also In re Tyco Int'l Ltd., Sec. Litig.*, No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 11659, at *12 (D.N.H. July 27, 2000) (discovery request is particularized if "it

---

[1] Defendants highlighted one such example in their motion to dismiss.  Plaintiffs' Complaint cites an email for the proposition that a non-defendant minority board member accused Defendant Patrick Meyers of including misstatements and misrepresentations in draft projections, and that Meyers sanctioned the use of false inputs for projections. (ECF No. 1 ¶ 91.)  In fact, the email quoted by Plaintiffs demonstrates that Meyers was recommending adding a *disclaimer* that the projections were "not the product of a thorough forecasting process conducted in conjunction with the creation of a long-term business plan." (Supp. Decl. of Nathaniel P. Garrett in Supp. of Manager Defs.' Reply in Supp. of Mot. to Dismiss Compl. Ex. 1, ECF No. 39-1.)  Thus, far from proposing that the projections include false information, Meyers was suggesting cautionary language. Defendants believe that targeted discovery will allow them to demonstrate that Plaintiffs' other allegations similarly misconstrue internal communications regarding the transaction.

is directed at specific persons" and "identifies specific types of evidence that fall within its scope"). By this motion, Defendants seek particularized discovery directed at three specific universes of documents.

### A. Documents Cited & Quoted in Plaintiffs' Complaint.

First, the discovery stay should be lifted to allow Defendants to discover the documents and communications relied upon by Plaintiffs in their Amended Complaint. As noted above, Plaintiffs' Complaint attempts to construct a fraudulent conspiracy among Defendants based on communications and documents relating to the 2012 transaction. (*E.g.*, ECF No. 1 ¶¶ 79, 81, 83, 86, 88-89, 91, 93, 96-98, 100, 106, 109, 112-114, 120-123, 127-128, 130, 138, 140.) Given that Plaintiffs quote from these documents and communications in their Complaint, it would impose virtually no burden on them to identify and collect such discovery for production. *See In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) ("FirstEnergy cannot, and indeed does not, allege any burden from providing documents that it has already reviewed and compiled."). This targeted discovery is critically important for Defendants, however, to enable them to show that Plaintiffs are misconstruing or misstating Defendants' communications to sustain a meritless securities fraud claim.

### B. 2012 Restructuring Transaction Due Diligence & Data Rooms.

Second, the discovery stay should be lifted to allow Defendants access to all due diligence and data rooms from the 2012 restructuring transaction in Plaintiffs' possession and control.[2] Plaintiffs' securities fraud claim is based upon the premise that two highly-sophisticated, multi-billion dollar distressed-debt investment funds, and their Cayman Island and Jersey Island affiliates, converted their investment in Quiznos into equity because they relied on forward-looking

---

[2] Data rooms are used in transactions where one party seeks to disclose a large amount of confidential data to potential buyers during the due diligence process.

6

projections that turned out to be wrong. The due diligence materials disclosed by Plaintiffs as part of the 2012 transaction clearly are relevant. And because this discovery would be composed of documents and responses that various Defendants provided to Plaintiffs as part of the 2012 transaction, it would not need to be reviewed for privilege. Such discovery is vitally important, however, so Defendants may establish that Plaintiffs' purported reliance on forward-looking projections as the stimulus for entering into the 2012 transaction is neither reasonable nor truthful.

### C. Third Party Subpoenas.

Third, and finally, the discovery stay should be lifted to allow Defendants to serve subpoenas on third parties, including, for example, financial advisors and consultants to the 2012 transaction.[3] Unlike the parties to this case, third parties with discoverable information are under no obligation to preserve potentially relevant evidence. *See* 15 U.S.C. § 78u-4(b)(3)(C). Yet due to the nature of the 2012 restructuring, there are several third party entities with documents central to Plaintiffs' claims. Accordingly, Defendants seek a lifting of the discovery stay to subpoena third parties, including[4]:

- Quiznos (including its various subsidiaries);
- Lazard Ltd. (financial advisor to the second lien debtors, including Avenue and Fortress, who participated in the 2012 transaction); and
- The Blackstone Group (financial advisor to the first lien debtors who participated in the 2012 transaction).

Plaintiffs already have access to Quiznos' documents because they maintained a controlling ownership interest in the Company for two years and have publically stated that they conducted a

---

[3] For purposes of this motion, Defendants do not seek to take any depositions of third parties, but rather seek to lift the stay only to obtain third party documents.

[4] In their initial disclosures, Plaintiffs disclosed that their counsel also represents several third parties, including former employees of Avenue and Fortress. Assuming that Plaintiffs' counsel has conveyed these parties' obligation to preserve all relevant evidence, Defendants do not intend to propound document subpoenas to former employees of Avenue or Fortress represented by Plaintiffs' counsel until after resolution of the motions to dismiss.

forensic investigation related to the claims at issue here in cooperation with Quiznos (who was represented by the same counsel now representing Avenue). *See* Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization at 24-25, *In re QCE Finance LLC, et al.*, No. 14-10543-PJW (Bankr. D. Del. Mar. 14, 2014), ECF No. 15.  And Plaintiffs likely can obtain documents from Lazard, if they do not have them already, without engaging in formal discovery since Lazard advised them in the 2012 transaction.  Defendants are thus being asked to prepare a defense to claims for securities fraud from the position of a gross informational disadvantage.  The PSLRA's discovery stay was not designed to punish securities fraud defendants in this inequitable manner.

## III. DEFENDANTS' REQUESTED DISCOVERY IS NECESSARY TO PRESERVE EVIDENCE AND PREVENT UNDUE PREJUDICE.

Defendants' request to propound particularized discovery on Plaintiffs (documents cited or quoted in the Complaint and due diligence/data room materials) is warranted under § 78u-4(b)(3)(B) to prevent undue prejudice.  The term "unfair prejudice," as used in the PSLRA, means "improper or unfair detriment."  *Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996).  Unfair prejudice exists when the party seeking discovery "would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding."  *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (citing cases).  That is certainly the case here.  Plaintiffs are attempting to use Defendants' own words against them, without giving Defendants the opportunity to access the underlying documents and demonstrate that Plaintiffs' claims are based on mischaracterizations and misdirection.  Plaintiffs have no justification for hamstringing Defendants' ability to defend themselves other than maintaining the current informational disparity that exists.

8

Likewise, Defendants' request to lift the discovery stay to conduct third party discovery is necessary to preserve evidence. As noted above, the PSLRA imposes no obligation on third parties to preserve relevant evidence. Defendants should be permitted to take discovery from QCE Finance, LLC and related Quiznos entities because the Company recently declared bankruptcy and is in a state of fluctuation. *See* Ed Sealover, *Quiznos leaves bankruptcy protection with new financial structure*, Denver Bus. J. (July 1, 2014). Relatedly, Quiznos moved locations recently, which increases the danger of lost documents. Numerous courts have recognized that expedited discovery is appropriate in similar circumstances. *E.g.*, *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004); *Houlihan v. Andrews*, 347 F. Supp. 2d 538, 541 (S.D. Ohio 2004).

Defendants should be permitted to propound subpoenas on other third parties, such as Lazard and Blackstone, due to the risk that relevant evidence will be destroyed pursuant to those companies' document retention policies before the Court rules on Defendants' motions to dismiss. *See In re Grand Casinos Secs. Litig.*, 988 F. Supp. 1270, 1272 (lifting discovery stay due to "concern that the ordinary document retention policies of some companies might well result in the destruction of relevant files in the ordinary course of business"); *In re Tyco*, 2000 U.S. Dist. LEXIS 11659 at *9 (lifting discovery stay to permit third party discovery because "large corporations typically overwrite and thereby destroy electronic data in the course of performing routine backup procedures"). Further delay would increase the possibility that evidence in the possession of third parties undermining Plaintiffs' claims will be irretrievably lost. The PSLRA's discovery stay—a provision designed to forestall meritless securities fraud claims—should not profit Plaintiffs in this untoward manner.

## CONCLUSION

For the foregoing reasons, the discovery stay should be lifted to permit Defendants to: (1) seek discovery of the documents and communications relied upon by Plaintiffs in their Complaint; (2) discover the due diligence and data room materials in Plaintiffs' possession; and (3) propound document subpoenas on third parties.

Dated:  December 19, 2014

Timothy R. Beyer
Bryan Cave, LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541
+1.303.861.7000 Telephone
+1.303.866.0200 Facsimile
Email: tim.beyer@bryancave.com

Attorneys for Defendants
RICHARD F. SCHADEN, RICHARD E. SCHADEN, FREDERICK H. SCHADEN, ANDREW R. LEE, PATRICK E. MEYERS, JOHN M. MOORE, THOMAS RYAN, GREG MACDONALD, DENNIS SMYTHE, CONSUMER CAPITAL PARTNERS LLC

Respectfully Submitted,

By: /s Christopher Lovrien
Christopher Lovrien

Bruce S. Bennett
Nathaniel P. Garrett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
+1.213.489.3939 Telephone
+1.213.243.2539 Facsimile
Email: cjlovrien@jonesday.com

Attorneys for Defendants
RICHARD F. SCHADEN, RICHARD E. SCHADEN, FREDERICK H. SCHADEN, ANDREW R. LEE, PATRICK E. MEYERS, JOHN M. MOORE, THOMAS RYAN, GREG MACDONALD, DENNIS SMYTHE, CONSUMER CAPITAL PARTNERS LLC

**FOR THE DISTRICT OF COLORADO**

**CERTIFICATE OF SERVICE (CM/ECF)**

       I hereby certify that on December 19, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                              s/ Christopher Lovrien
                                              Christopher Lovrien
Attorney for Defendants
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
+1.213.489.3939 Telephone
+1.213.243.2539 Facsimile
Email: cjlovrien@jonesday.com

Attorneys for Defendants
RICHARD F. SCHADEN, RICHARD E. SCHADEN, FREDERICK H. SCHADEN, ANDREW R. LEE, PATRICK E. MEYERS, JOHN M. MOORE, THOMAS RYAN, GREG MACDONALD, DENNIS SMYTHE, CONSUMER CAPITAL PARTNERS LLC