IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-02031-PAB-KLM

AVENUE CAPITAL MANAGEMENT II, L.P., et al.,

    Plaintiffs,

v.

RICHARD F. SCHADEN, et al.,

    Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO LIFT DISCOVERY STAY

Defendants' motion to lift the mandatory discovery stay ("Motion") asserts that it complies with both the "spirit and letter" of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This is wrong. The statute provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary [1] to preserve evidence or [2] to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Defendants' effort to rewrite the statute through selective legislative history does not—and cannot under any principle of statutory interpretation—transform their Motion into one that is "consistent with the express terms of the statute." Defendants' Motion to Lift Discovery Stay ("Mot.") at 2; *see*, *e.g.*, *Dep't of Hous. & Urban Dev. v. Rucker*, 535 U.S. 125, 132 (2002) ("reference to legislative history is inappropriate when the text of the statute is unambiguous"); *see also In re Daisytek*

1

*Int'l Litig.*, No. 4:03CV212, slip. op. at *3 (E.D. Tex. Aug. 17, 2004) ("[T]his Court declines to create by judicial fiat an additional exception to PLSRA stay merely because the proposed exception would not allegedly conflict with the PLSRA's purposes of preventing costly discovery and the disruption of normal business activities.").

Contrary to the plain language of the statute, Defendants erroneously argue (a) that the statute is intended to stay only discovery by plaintiffs and not "all discovery," as the statute states; (b) that they are seeking "particularized discovery" by a large amount of all the relevant written discovery in this case, including that of Quiznos; (c) that lifting the discovery stay at this moment is necessary to preserve evidence, although Defendants have not put a single fact before this Court to support such a conclusion; (d) that lifting the discovery stay is necessary to preserve evidence, when preservation subpoenas would adequately address this purported concern; (e) that lifting the discovery stay mandated until the motions to dismiss are resolved is necessary to avoid unduly prejudicing Defendants during such period, although the motions to dismiss are already fully briefed; and (f) that lifting the discovery stay is necessary to avoid undue prejudice because Defendants are seeking purportedly relevant discovery that will allow them to "assess Plaintiffs' claims and formulate their factual defenses," Mot. at 5, a circumstance that exists in *every* lawsuit.

In an attempt to distract from their failure to show that a lifting of the stay is necessary to preserve evidence or prevent undue prejudice, Defendants assert that the requested discovery would impose "virtually no burden" on Plaintiffs. Even if true (which it is not), that point is legally irrelevant. Defendants' argument that the documents sought are relevant to the lawsuit is also irrelevant. All discovery must be relevant and the PSLRA applies to "all discovery." By

2

seeking discovery from third parties (including "various subsidiaries" of Quiznos, as well as financial advisors and consultants retained in connection with the 2012 transaction),[1] Defendants disclaim that the "particularized" discovery they insinuate they are limiting this special request to entail is, in fact, a non-exhaustive list and purely exemplary. Mot. at 7 (requesting that the stay be lifted to allow Defendants to serve subpoenas on "third parties, including, *for example*, financial advisors and consultants to the 2012 transaction.") (emphasis added). Moreover, despite their representation to this Court that they would not seek a "one-way" lift of the discovery stay, the relief they request is in fact just that -- an attempt to access discovery solely from Plaintiffs and third parties while maintaining the stay as to themselves.

Accordingly, for all of these reasons, and those detailed below, the Court should deny Defendants' Motion.

## **BACKGROUND**

Defendants' Motion seeks to lift the mandatory discovery stay in order to (i) obtain "Documents Cited & Quoted in Plaintiffs' Complaint" (Mot. at 6) and the "2012 Restructuring Transaction Due Diligence and Data Rooms" (*id.*); and (ii) serve "Third Party Subpoenas" (*id.* at 7).

Defendants do not argue that documents are at risk of being destroyed without immediate production. Indeed, Defendants present not a single fact or evidentiary support even remotely suggesting that any potential discovery, in the hands of any party or third party, is in danger of not being preserved.

---

[1] Defendants confusingly seek third-party discovery from Quiznos while also arguing that Plaintiffs "maintain exclusive control over" all Quiznos documents. Defendants' assertion that Plaintiffs "maintain exclusive control over" all Quiznos documents is incorrect.

3

Similarly, Defendants also proffer no reason why the requested discovery is necessary *before* the Court renders decisions on the motions to dismiss which have been fully briefed for almost two months. Rather, and without explaining how their point satisfies the statutory requirement that the discovery be necessary to preserve evidence or prevent undue prejudice, Defendants argue that these categories of documents are relevant and important to "formulate their factual defenses." Mot. at 5-7.

In addition, at the December 10, 2014 case management conference before Magistrate Judge Mix, Defendants represented that they would *not* seek to lift the stay solely for the purpose of obtaining documents in the possession of Plaintiffs or third-parties. However, in limiting their request to lift the stay to the three categories of documents in the Motion, that is exactly what Defendants have done. Defendants do not seek to lift the discovery stay so that Plaintiffs can obtain documents from Defendants.

Notably, Defendants recently asserted that they will seek the cost of defending this matter from Plaintiffs. *See* Proposed Civil Scheduling Order (D.E. 45) at 9 ("With regard to Defendants' anticipated counterclaim for the breach of covenant not to sue, damages include the amount of fees and costs they are required to pay in order defend themselves. These damages are ongoing and are expected to amount to millions of dollars."). Further, Defendants are also pursuing litigation in Delaware that seeks reimbursement and advance of fees from Quiznos for any and all defense costs from this litigation. Verified Complaint, *Meyers v. Quiz-DIA LLC*, No. 9878 (Del. Ch. filed July 11, 2014), ¶ 2 and Prayer for Relief, attached as Exhibit "1". Given that Defendants have filed motions to dismiss arguing that this action should not proceed to the discovery stage, and that Defendants lack facts to support the lifting of PSLRA stay, it is

apparent that the Motion is intended only to unnecessarily drive up the early-stage costs of this securities litigation. Defendants seek to the lift the stay in order to obtain access to millions of pages of discovery so that an army of defense attorneys can immediately start churning document-review fees in order to build their foreshadowed counterclaims against Plaintiffs in this Court and their affirmative claims against Quiznos in Delaware.

## ARGUMENT

### I. DEFENDANTS FAIL TO SATISFY THEIR BURDEN OF ESTABLISHING THE TYPE OF EXCEPTIONAL CIRCUMSTANCES NECESSARY FOR THE COURT TO LIFT THE DISCOVERY STAY

The PSLRA creates "a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (emphasis in original). To lift the discovery stay, Defendants must show that "particularized discovery" is "necessary to preserve evidence or to prevent undue prejudice" to them. 15 U.S.C. § 78u-4(b)(3)(B); *see also In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (quoting *Vacold LLC v. Cerami*, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001)) ("[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint."). Defendants do not (and cannot) demonstrate the exceptional circumstances required to lift the stay.

### A. Defendants Have Not Established That Lifting of the Stay is Necessary to Prevent Undue Prejudice

Defendants contend that their request to propound discovery on Plaintiffs is warranted to prevent undue prejudice and then claim that Plaintiffs are "hamstringing Defendants' ability to

5

defend themselves" by supposedly not "giving Defendants the opportunity to access the underlying documents." Mot. at 8. Defendants then take the position that they need access to Quiznos documents "to assess Plaintiffs' claims and formulate their factual defenses." *Id.* at 5.

But Defendants do not explain why discovery is necessary *now*. Thus, Defendants' argument is that they are unduly prejudiced solely by the delay that results from operation of the PSLRA's discovery stay. Courts routinely reject such arguments. *See In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, *2 (S.D.N.Y. Apr. 25, 2012) ("Mere delay does not constitute undue prejudice, because delay is an inherent part of every stay of discovery required by the PSLRA.") (internal citation omitted); *380544 Canada, Inc. v. Aspen Tech., Inc.*, No. 07 Civ. 1204 (JFK), 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) ("the mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice.").

Defendants confuse the undue prejudice prong of the statute by asserting that production of the documents cited in the operative complaint and the due diligence data rooms would "impose virtually no burden on" Plaintiffs. Mot. at 6. Burden considerations, however, are legally irrelevant and, moreover, contrary to the plain language of the PSLRA. *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) ("There is no exception to the discovery stay for cases in which discovery would not burden the defendant.").

Defendants claim that their purpose in bringing the Motion is to remedy an "informational disparity." Mot. at 8. Not only is there no exception in the statute allowing the mandatory stay to be disregarded if there is an imbalance of pre-suit information, the assertion

6

makes no sense. Defendants are paradoxically arguing that Plaintiffs' complaint should be dismissed at the pleading stage and yet simultaneously claiming that discovery is *necessary* to formulate their "factual defenses."

### B. Defendants Have Not Established That Lifting of the Stay is Necessary to Preserve Evidence

Defendants also seek to lift the discovery stay in order to take unspecified discovery from third parties including "various subsidiaries" of Quiznos, as well as financial advisors and consultants retained in connection with the 2012 restructuring transaction. Mot. at 7. Without support, Defendants claim that discovery of third parties is "necessary to preserve evidence." *Id.* at 9. Defendants' request should be rejected for two independent reasons.

First, Defendants cannot credibly maintain that this request is "particularized." For example, Defendants' Motion does not specify which third parties would be the subject of their subpoenas; Defendants merely indicate that their targets would "includ[e], for example, financial advisors and consultants to the 2012 transaction." Mot. at 7. Even with respect to Quiznos, Defendants state that they intend to serve subpoenas on its "various subsidiaries" and other "related Quiznos entities." *Id.* at 7, 9; *see In re Fluor Corp. Sec. Litig.*, No. SA CV 97–734 AHS EEX, 1999 WL 817206, at *3 (C.D. Cal. Jan. 15, 1999) (criticizing party who sought to lift PSLRA stay as to third parties where it failed to provide a "complete, and definite, list of intended third-parties to be served"). And although Defendants *claim* that they will seek a "clearly defined universe of documents," (*id.* at 5), the Motion is *completely silent* as to what documents that they will actually seek. Defendants merely allude to vague and unspecified documents that are supposedly "central" to Plaintiffs' claims (*id.* at 7); access to such documents will effectively open discovery completely. *See Sarantakis v. Gruttaduaria*, No. 02 C 1609,

7

2002 WL 1803750 at *2 (N.D. Ill. Aug. 5, 2005) ("General requests to open all discovery do not satisfy" the particularized discovery requirement).  The Motion is also silent as to the practical effect of lifting the stay as to Quiznos.  Quiznos is likely to possess a majority of discoverable documents in this action.  Without identifying what documents they intend to seek from Quiznos and its various subsidiaries, Defendants fail to demonstrate that their request is "particularized", as required by the statute.

Second, the Motion must be rejected because Defendants fail to demonstrate what relevant records are at risk of being destroyed.  *See Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (rejecting plaintiffs' argument that certain information held by third parties could be lost because plaintiffs failed to demonstrate that any records were at risk of being destroyed).  Speculative concerns of potential destruction are not enough to warrant the lifting of the discovery stay.  *In re Vivendi Universal,* 381 F. Supp. 2d at 130 ("A party alleging that discovery is necessary to preserve evidence must…***make a showing that the loss of evidence is imminent as opposed to merely speculative***.") (internal citations omitted) (emphasis added); *see also Sarantakis*, 2002 WL 1803750 at *2 (party seeking discovery must present "more than mere generalizations of fading memories and allegations of possible loss or destruction" of documents).

Defendants cite cases in support of their argument that "expedited discovery" from third parties is appropriate, but those cases are distinguishable.  Indeed, those cases involved entities being dissolved or otherwise being wound down; here, Quiznos exited bankruptcy protection last

summer and will continue as an ongoing entity.[2] *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004), allowed the lifting of the stay where the entity from which discovery was sought: (1) already had its motion to dismiss denied; and (2) *it was in the process of being wound down*. *See id*. at 352 ("the disposition above resolves the issues raised in Andersen's motions to dismiss almost entirely in favor of plaintiffs and allows the majority of their claims against Andersen to go forward"); *id*. at 352-53 ("Given the concerns raised in a situation where the entity being sued is being wound down, resumption of discovery is desirable in order to prevent undue prejudice and preserve evidence."). The other opinions cited by Defendants also lifted the stay because the entity from which discovery was sought was being wound down. *See*, *e.g*., *Houlihan v. Andrews*, 347 F. Supp. 2d 538 (S.D. Ohio 2004) (lifting the stay in order to serve a preservation subpoena where the documents held by the company would likely be destroyed because it was "undergoing Chapter 11 bankruptcy and [would] likely be dissolved"); *In re Royal Ahold N.V. Sec. & ERISA Litig*., 220 F.R.D. 246, 252-53 (D. Md. 2004) (allowing limited discovery from a defendant "undertaking a wide-ranging corporate reorganization" including a divesture of key subsidiaries with plans "to divest itself of more-- including some…that allegedly played central roles in the company's purported fraud" but rejecting motion to lift stay to access documents from a party who "is not reorganizing its affairs, so there is little to suggest a risk of documentary loss").

---

[2] Defendants' assertion that third party discovery is necessary from Quiznos "because the Company recently declared bankruptcy and is in a state of fluctuation" is unaccompanied by evidentiary support and misleading. Defendants' effort to cite a newspaper article to erect a case that the Quiznos "house is on fire" and documents need to be preserved on an emergency basis is telling. Defendants' alternative argument—that "Quiznos moved locations recently, which increases the danger of lost documents"—is similarly unsupported by any evidentiary support that any discovery is in danger. Moreover, it is unclear what Defendants are trying to remedy as Defendants argue that the location change already occurred.

9

## II.  THE PROTECTIONS PROVIDED BY THE DISCOVERY STAY APPLY TO ALL PARTIES NOT JUST DEFENDANTS

Defendants incorrectly argue that allowing immediate discovery is appropriate because "the PSLRA's discovery stay is intended to protect defendants from the costs of defending against meritless claims…" Mot. at 5.  This argument contradicts the language of the PSLRA and opinions interpreting it.  First, the statute itself does not distinguish between plaintiffs and defendants as it uses the word "party" when imposing the stay.  *See* 15 U.S.C. § 78u-4(b)(3)(B) ("…unless the court finds upon the motion of any *party* that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that *party*") (emphasis added).

Second, courts recognize that the PSLRA discovery stay applies to both parties.  There is no lesser burden imposed on defendants.  *See*, *e.g.*, *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000) (rejecting defendant's argument that the PSLRA was only intended to shield defendants and granting motion to quash subpoena served by defendant on a third party); *In re AOL Time Warner, Inc. Sec. Litig.*, 06 Civ. 0695, 2006 WL 1997704, *2 (S.D.N.Y. July 16, 2006) (requiring defendant to make a showing of undue prejudice because "[t]he language of the statute does not distinguish between plaintiffs and defendants").  Indeed, Defendants' self-serving statutory interpretation does not even make conceptual sense as they are proposing—again, contrary to the plain language of the statute—that Congress intended to protect defendants *but not third parties* from, in their words, "incurring unnecessary costs and unwarranted intrusion into company documents on the basis of a meritless complaint." Mot. at 4.

### III. DOCUMENT PRESERVATION SUBPOENAS ARE A MORE TAILORED AND APPROPRIATE REMEDY THAN LIFTING THE STAY

Defendants seek to lift the stay in order "to obtain third party documents." Mot. at 7 n.3. However, in the opinions that Defendants cite, the party seeking discovery only sought to put third parties on notice that the action existed and to impose a duty to preserve documents. *See In re Grand Casinos, Inc., Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) ("Plaintiffs are not asking that discovery be allowed to proceed, either by way of an enforcement of those Subpoenas, or in any substantive way."); *see also In re Tyco Int'l, Ltd. Sec. Litig.*, 00-MD-1335-B, 2000 U.S. Dist. LEXIS 11659, *15 (D.N.H. July 27, 2000) (granting plaintiffs the authority "to serve subpoenas on specified third parties for the limited purpose of providing them with notice of the action and [putting] them under an obligation to preserve relevant evidence"). Unlike Defendants, the parties in *In re Grand Casinos* and *In re Tyco* did not seek the *enforcement of subpoenas* or the immediate *collection of documents* pursuant to the subpoena.

Consistent with these opinions, and as indicated by Plaintiffs in the Scheduling Order submission of December 3, 2014, Plaintiffs do not oppose Defendants serving preservation subpoenas on third parties for the sole purpose of putting them on notice of their duty to preserve documents. However, allowing Defendants to enforce the subpoenas goes beyond what the PSLRA allows. Therefore, Defendants' request to collect documents via third party subpoenas must be rejected.

11

# **CONCLUSION**

For the foregoing reasons, Defendants' Motion should be rejected.

Dated: January 2, 2015

*/s/ Jeffery A. Dailey*
Daniel F. Wake (CO ID No. 18086)
Kali R. Backer (CO ID No. 45436)
SHOOK HARDY & BACON LLP
1660 17th Street, Suite 450
Denver, CO 80202-1254
Telephone: (303) 285-5300
Fax: (303) 285-5301

Stephen M. Baldini
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745
Telephone: (212) 872-1000
Fax: (212) 872-1002

Jeffery A. Dailey
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Phone: (215) 965-1200
Fax: (215) 965-1210

Attorneys for Avenue Capital Management II, L.P.

*/s/ Allen L. Lanstra*
Van C. Durrer, II
Allen L. Lanstra
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

James T. Markus (CO ID No. 25065)
Steven R. Rider (CO ID No. 7921)
MARKUS WILLIAMS YOUNG &
ZIMMERMAN LLP
1700 Lincoln Street, Suite 4550
Denver, CO 80203
Telephone: (303) 830-0800
Fax: (303) 830-0809

Attorneys for Fortress Investment Group, LLC, et al.

13

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 2, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Colorado, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                /s/Jeffery A. Dailey