# EXHIBIT 1

EFiled:  Jul 11 2014 03:04PM EDT
Transaction ID 55717236
Case No. 9878-

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

PATRICK E. MEYERS, RICHARD E.
SCHADEN, RICHARD F.
SCHADEN, FREDERICK H.
SCHADEN, GREG MACDONALD,
DENNIS SMYTHE, JOHN M.
MOORE, THOMAS C. RYAN,
ANDREW R. LEE, CERVANTES
MASTER LLC, and CERVANTES
FINANCE LLC,

                Plaintiffs,

      v.

QUIZ-DIA LLC, QUIZMARK LLC,
and QCE GIFT CARD LLC,

                Defendants.

Civil Action No.

## VERIFIED COMPLAINT

Plaintiffs Patrick E. Meyers, Richard E. Schaden, Richard F. Schaden,

Frederick H. Schaden, Greg MacDonald, Dennis Smythe, John M. Moore, Thomas

C. Ryan, Andrew R. Lee, Cervantes Master LLC, and Cervantes Finance LLC

(collectively "Plaintiffs"), allege against Defendants Quiz-DIA LLC, Quizmark

LLC, and QCE Gift Card LLC (collectively "Defendants"), as follows:

## SUMMARY OF THE CASE

1.     This case concerns Defendants' failure to abide by their indemnity

and advancement obligations to Plaintiffs, all of whom are owed such indemnity

and advancement by virtue of their service as managers or officers of Quiznos.

3.      01:15

2.      Plaintiffs find themselves the target of claims threatened by Avenue Capital Management ("Avenue"), Fortress Investment Group ("Fortress") and Quiznos itself related to Quiznos' 2012 corporate restructuring.  Defendants have ignored Plaintiffs' demand for advancement and otherwise breached the obligations Defendants owe to Plaintiffs pursuant to the 2012 Assignment, Assumption and Release Agreement whereby they (along with all of the direct and indirect subsidiaries of QCE LLC) agreed to take on all indemnity obligations previously owed to Plaintiffs by QCE Holdings LLC ("QCEH"), QCE Incentive LLC ("QCEI"), and their affiliates.

3.      Quiznos is one of the world's largest franchisors of restaurants offering sandwiches, salads, soup, food products, and beverages, as well as catering services within the quick service restaurant segment of the restaurant industry.

4.      Prior to January 24, 2012, QCEH was the ultimate parent company of Quiznos.  QCEH was managed by a Board of Managers.  From approximately August 2011 up to and including January 24, 2012, the Board included Plaintiffs Patrick Meyers, Richard F. Schaden, Frederick Schaden, John Moore, Thomas Ryan, and Andrew Lee.  Richard E. Schaden also had been on the Board, but he departed the Board in or about August 2011.  The individuals identified in this paragraph are collectively referred to as the Manager Plaintiffs.

2.          01:15

5.     From approximately May 2006 through January 24, 2012, Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick Schaden and Patrick Meyers collectively held, through various entities, beneficial ownership of 51% of QCEH.

6.     QCEH was the single managing member of QCEI.  QCEI, in turn, was the immediate parent company of QCE Finance LLC, and the indirect parent of QCE LLC ("QCE") and the subsidiaries of QCE.

7.     Plaintiffs Greg MacDonald and Dennis Smythe ("Officer Plaintiffs") served, respectively, as CEO and CFO of Quiznos throughout 2011 and into 2012. Smythe left his position in April 2012.  MacDonald left his position in July 2012.

8.     On January 24, 2012, Quiznos executed a restructuring transaction. As part of that transaction, Avenue and Fortress became the primary equity holders of QCE, through a new company, QCE Parent LLC.  QCE Finance LLC was merged into Parent, which then changed its name to QCE Finance LLC, which became the new holding company of the Quiznos related companies.  QCEH and QCEI completely forfeited their interest in QCE Finance LLC (and all of its subsidiaries).

9.     None of the Plaintiffs retained any ownership interest of any kind after the 2012 restructuring.  Additionally, none of the Plaintiffs were provided cash, equity or other monetary value as part of the 2012 Restructuring.  Instead, the only consideration provided to Plaintiffs by Avenue, Fortress, and Quiznos were

2.        01:15

- 3 -

the agreements to provide indemnity and releases, all of which obligations Avenue, Fortress and Quiznos (including the Defendants) now seek to ignore and breach.

10.     After the restructuring, Avenue and Fortress brought in new officers and managers of the company, and otherwise exercised control over Quiznos' operations.  The company performed poorly.  On March 14, 2014, certain, but not all, of the Quiznos entities filed Chapter 11 bankruptcy cases.  Defendants in this case are Quiznos entities that did not declare bankruptcy.

11.     As part of the Quiznos' bankruptcy cases, Avenue, Fortress and the debtor Quiznos entities announced their agreement and intention to pursue claims against "Specified Litigation Parties," which was defined to include Plaintiffs. According to materials filed in the bankruptcy, these claims would center on allegations that, as part of the restructuring due diligence process, the Specified Litigation Parties – as officers and managers of Quiznos – provided inaccurate projections of future performance of the company following the restructuring.

12.     Pursuant to the indemnity obligations assumed by Defendants under the 2012 Restructuring, Plaintiffs formally requested on July 1, 2014, indemnity and advancement of fees and expenses incurred in defending against the threatened claims.  As of the date of filing this Complaint, none of Defendants have agreed to comply with their contractual obligations.

2.        01:15

13.     Nor have Defendants, as of the date of filing this Complaint, complied with their obligations to indemnify Plaintiffs Patrick E. Meyers, Richard E. Schaden, and Richard F. Schaden for fees, costs, expenses and liabilities incurred in connection with thirteen lawsuits filed by Quiznos franchisees between December 19, 2012 and February 6, 2013 ("Franchisee Litigation").

## **PARTIES**

14.     Plaintiff Patrick E. Meyers is an individual and resident of the State of Colorado.  From May 2006 to January 2012, Meyers was a member of the Board of Managers of QCEH.

15.     Plaintiff Richard E. Schaden is an individual and resident of the State of Colorado.  From May 2006 to approximately August 2011, Richard E. Schaden was a member of the Board of Managers of QCEH.

16.     Plaintiff Richard F. Schaden is an individual and resident of the State of Colorado.  From May 2006 to January 2012, Richard F. Schaden was a member of the Board of Managers of QCEH.

17.     Plaintiff Frederick H. Schaden is an individual and resident of the State of Colorado.  From May 2006 to January 2012, Frederick H. Schaden was a member of the Board of Managers of QCEH.

2.        01:15

18.     Plaintiff Greg MacDonald is an individual and resident of the State of Colorado.  From October 2010 to July 18, 2012, MacDonald was the Chief Executive Officer of Quiznos.

19.     Plaintiff Dennis Smythe is an individual and resident of the State of Colorado.  From October 2010 to April 2, 2012, Smythe was the Chief Financial Officer of Quiznos.

20.     Plaintiff John M. Moore is an individual and resident of the State of Colorado.  From August 2011 to January 2012, Moore was a member of the Board of Managers of QCEH.

21.     Plaintiff Thomas C. Ryan is an individual and resident of the State of Colorado.  From August 2008 to January 2012, Ryan was a member of the Board of Managers of QCEH.

22.     Plaintiff Andrew R. Lee is an individual and resident of the State of Colorado.  From August 2011 to January 2012, Lee was a member of the Board of Managers of QCEH.

23.     Plaintiff Cervantes Master LLC is a limited liability company duly organized under the laws of the State of Delaware.  In January 2012, Cervantes Master LLC was a member of QCEH, owning 2.279% of QCEH's common stock.

2.          01:15

24.     Plaintiff Cervantes Finance LLC is a limited liability company duly organized under the laws of the State of Delaware.  In January 2012, Cervantes Finance LLC was the indirect parent of Cervantes Master LLC.

25.     Plaintiffs are informed and believe and, on that basis, allege that Defendant Quiz-DIA LLC is a limited liability company duly organized under the laws of the State of Delaware.  Quiz-DIA is the direct subsidiary of The Quizno's Master LLC, and the indirect subsidiary of QCE.

26.     Plaintiffs are informed and believe and, on that basis, allege that Defendant Quizmark LLC is a limited liability company duly organized under the laws of the State of Delaware.  Quizmark is the direct subsidiary of The Quizno's Master LLC, and the indirect subsidiary of QCE.

27.     Plaintiffs are informed and believe and, on that basis, allege that Defendant QCE Gift Card LLC is a limited liability company duly organized under the laws of the State of Arizona.    QCE Gift Card is the direct subsidiary of QCE.

## **JURISDICTION**

28.     Jurisdiction over Defendants Quiz-DIA LLC and Quizmark LLC is proper because both limited liability companies are organized under the laws of the State of Delaware.

29.     Plaintiffs are informed and believe and, on that basis, allege that QCE Gift Card LLC does or solicits business in the State of Delaware; engages in a

2.     01:15

persistent course of conduct in the State of Delaware; and derives substantial

revenue from things used or consumed in the State of Delaware, such that personal

jurisdiction exists pursuant to 10 Delaware Code § 3104(c)(4).  Plaintiffs are

informed and believe and, on that basis, allege that QCE Gift Card LLC has

continuous, systematic and substantial contacts with the State of Delaware such

that the exercise of jurisdiction is reasonable.

## GENERAL FACTUAL ALLEGATIONS

### The 2012 Restructuring

30.     Plaintiffs helped grow QCEH and the various Quiznos' entities into

one of the world's largest franchisors of restaurants.

31.     By mid-2011, the economic downturn and various industry pressures

left Quiznos facing a potential breach of its covenants with its lenders.  When the

company commenced a process to explore a restructuring, Avenue (which, by

virtue of its status as a lender, had access to detailed financial information about

the company over a long period of time) quickly became the primary bidder to take

control of the company.  Quiznos, Avenue, Fortress and other lenders hired legal

and financial advisors and engaged in broad due diligence throughout the second

half of 2011 and into 2012.

2.      01:15

32.     By January 24, 2012, Quiznos and its lenders agreed to the terms of a corporate restructuring, which was implemented through an out-of-court exchange offer.

33.      Both QCEI and QCEH terminated their interests in Quiznos as part of the 2012 Restructuring.  Following the 2012 Restructuring, Avenue and Fortress became primary equity holders of QCE Finance LLC—the new ultimate corporate parent of all Quiznos' entities—holding 72.6% and 27.4% of QCE Finance LLC's interests, respectively.

34.     After the January 2012 Restructuring, the Manager Plaintiffs, Cervantes Master LLC, and Cervantes Finance LLC maintained no ownership or employment relationship with the Quiznos franchise entities.

35.     After the 2012 Restructuring, Plaintiff Dennis Smythe served as Chief Financial Officer of, *inter alia*, QCE until April 2012.

36.     After the 2012 Restructuring, Plaintiff Greg MacDonald served as Chief Executive Officer of, *inter alia*, QCE until July 18, 2012.

## **The Assignment, Assumption & Release Agreement**

37.     To facilitate the 2012 Restructuring, and in consideration for Plaintiffs' agreement to consent to the transaction, QCE and its direct and indirect subsidiaries entered into an Assignment, Assumption, and Release Agreement. (Ex. A.)  QCE expressly acknowledged that it was entering into the Assignment,

2.      01:15

Assumption, and Release Agreement "on behalf of itself and each of its direct and indirect subsidiaries," and each of the Defendants (along with QCE) was a signatory to the Assignment, Assumption, and Release Agreement.

38.     The Assignment, Assumption, and Release Agreement recognized that Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee and John M. Moore were parties to a Manager Indemnification Agreement with QCEH.

39.     Defendants, along with QCE and all of its direct and indirect subsidiaries, agreed in the Assignment, Assumption and Release Agreement to accept, assume, take over and succeed to, all of the right, title and interest in and to QCEH under Plaintiffs' Manager Indemnification Agreements, and covenanted to discharge, perform and comply with, and to be bound by, all of the terms, conditions provisions, obligations, covenants and duties of QCEH under (and any liabilities arising out of) the Manager Indemnification Agreement as if QCE and its direct and indirect subsidiaries were the original parties thereto.  Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee and John M. Moore each signed Indemnitee Signature Pages as part of the Assignment, Assumption and Release Agreement stating that Plaintiffs intended to be legally bound by the agreement between, *inter*

2.      01:15

*alia*, Plaintiffs as indemnitees on the one hand, and Defendants as "Company Parties" on the other.

40.     Defendants, along with QCE and all of its direct and indirect subsidiaries, also agreed to accept, assume, take over and succeed to, all Indemnity Obligations of QCEH and QCEI, including any and all respective obligations, whether pursuant to certificates of incorporation, codes of regulation, by-laws, limited liability company agreements, operating agreements, limited liability partnership agreements or any combination of the foregoing.

41.     In effect, Defendants, along with QCE and all of its direct and indirect subsidiaries, agreed to accept, assume, take over, and succeed to at least three indemnification agreements between Plaintiffs on the one hand, and QCEH and QCEI on the other.

## **Manager Indemnification Agreements**

42.     First, Defendants, along with QCE and all of its direct and indirect subsidiaries, agreed to accept, assume, take over, and succeed to QCEH's Manager Indemnification Agreements with Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee, and John M. Moore.

2.       01:15

43.     QCEH and Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, and Patrick E. Meyers entered into Manager Indemnification Agreements on August 30, 2006.  (Exs. B-E.)

44.     QCEH and Plaintiff Thomas C. Ryan entered into a Manager Indemnification Agreements on August 18, 2008.  (Ex. F.)

45.     QCEH and Plaintiff John M. Moore entered into a Manager Indemnification Agreements on July 29, 2011.  (Ex. G.)

46.     QCEH and Plaintiff Andrew R. Lee entered into a Manager Indemnification Agreements on August 4, 2011.  (Ex. H.)

47.     By assuming the Manager Indemnification Agreements, Defendants (along with QCE and all of its direct and indirect subsidiaries) agreed to indemnify Plaintiffs "against all Expenses and Liabilities incurred or paid … in connection" with any Proceeding, whether brought by a party other than the Company or by the Company itself.  In cases where a proceeding is brought by a party other than the Company by reason of Plaintiffs' "Company Status," the only exception to indemnity is where "it has been adjudicated finally by a court of competent jurisdiction that … [Plaintiffs] failed to act (i) in good faith and (ii) in a manner [Plaintiffs] reasonably believed to be in the best interests of the Company."

48.     By assuming the Manager Indemnification Agreements, Defendants (along with QCE and all of its direct and indirect subsidiaries) agreed also that if

2.      01:15

- 12 -

Plaintiffs were or were threatened to be made a party to any proceeding "by or in the right of the Company to procure a judgment in its favor by reason of [Plaintiffs'] Company Status, [Plaintiffs] shall be indemnified by the Company against all Indemnifiable Expenses." The only exception is where (a) "it has been adjudicated finally by a court of competent jurisdiction that … [Plaintiffs] failed to act (A) in good faith and (B) in a manner [Plaintiffs] reasonably believed to be in the best interests of the Company" or (b) "it has been adjudicated finally by a court of competent jurisdiction that [Plaintiffs are] liable to the Company with respect to any claim, issue or matter involved in the Proceeding out of which the claim for indemnification has arisen," unless "it has been adjudged finally by a court of competent jurisdiction upon application that, despite the adjudication of liability, but in view of all the circumstances of the case, [Plaintiffs are] fairly and reasonably entitled to indemnity for such Indemnifiable Expenses which such court shall deem proper."

49.     Under section 8 of the Manager Indemnification Agreements, Defendants must pay all indemnifiable expenses incurred in connection with any proceeding in advance of the final disposition of such proceeding. In other words, Defendants must advance Plaintiffs their fees and costs as they are incurred.

2.      01:15

50.     Section 9 of the Manager Indemnification Agreements obligates Defendants to pay indemnifiable expenses no later than ten calendar days after its receipt of a request for indemnification.

### Third Amended & Restated LLC Agreement of QCEH

51.     Second, and in addition to the indemnity obligations assumed via Plaintiffs' Manager Indemnification Agreements, Defendants (along with QCE and all of its direct and indirect subsidiaries) agreed in the Assignment, Assumption & Release Agreement to accept, assume, take over, and succeed to the indemnification obligations set forth in the Third Amended and Restated Limited Liability Company Agreement of QCEH dated April 26, 2010.

52.     QCEH's Third Amended and Restated Limited Liability Company Agreement (the "QCEH Third Amended LLC Agreement") was entered into between QCEH and its "Members," including Plaintiff Cervantes Master LLC. (Ex. I.)

53.     In section 8.2(a) of that Agreement, QCEH agreed to indemnify and hold harmless

>       each of the Members, Protected Persons and officers of the Company (including Members when acting in the capacity as an officer of the Company), the Managers, their respective Affiliates and their responsive officers, directors, employees, partners, members and shareholders (each, an 'Indemnitee') from and against any and all claims, liabilities, damages, losses, costs and expenses (including amounts paid in satisfaction of

2.      01:15

> judgments, in compromises and settlements, as fines and penalties and legal or other costs and reasonable expenses of investigating or defending against any claim or alleged claim) of any nature whatsoever, known or unknown, liquidated or unliquidated, that are incurred … and arise out of or in connection with (i) the affairs of the Company or the performance by such Indemnitee of any of the Indemnitee's responsibilities hereunder of any of the [Claimant's] responsibilities hereunder, (ii) the service at the request of the Company by such Indemnitee as a partner, member, director, officer, trustee, employee or agent of any other Person or (iii) the matters contemplated herein."

The only exception is if indemnification is prohibited by applicable law.

54.     Section 8.2(b) of the QCEH Third Amended LLC Agreement provided that QCEH shall pay reasonable, documented expenses incurred in defending any action, suit or proceeding described in section 8.2(a) in advance of the final disposition of such action, suit or proceeding, as such expenses are incurred.

55.     Plaintiff Cervantes Master LLC was a "Member" of QCEH as that term is used in the QCEH Third Amended LLC Agreement, and thus is an Indemnitee under the Agreement's indemnification provisions.

56.     Plaintiffs Greg MacDonald and Dennis Smythe were "officers" of QCEH as that term is used in the QCEH Third Amended LLC Agreement, and thus are Indemnitees under the Agreement's indemnification provisions.

2.      01:15

57.     Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee and John M. Moore were "Managers" as that term is used in the QCEH Third Amended LLC Agreement, and thus are Indemnitees under the Agreement's indemnification provisions.  Section 1.1 of that Agreement defines "Manager" to mean "a Person serving as a member of the Board of Managers in accordance with this Agreement."  Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee and John M. Moore were all members of QCEH's Board of Managers in accordance with the operating agreement.

58.     Plaintiff Cervantes Finance LLC was an "Affiliate" of Cervantes Master LLC as that term is used in the QCEH Third Amended LLC Agreement, and thus is an Indemnitee under the Agreement's indemnification provisions.  The Agreement defines Affiliate to mean "any Person that, directly or indirectly, controls, is controlled by, or is under common control with such Person." Cervantes Finance LLC was the owner of Cervantes Master LLC.

### Second Amended & Restated Limited Liability Company Operating Agreement of QCEI

59.     Third, Defendants (along with QCE and all of its direct and indirect subsidiaries) agreed in the Assignment, Assumption & Release Agreement to accept, assume, take over, and succeed to the indemnification obligations set forth

2.     01:15

in the Second Amended and Restated Limited Liability Company Operating

Agreement of QCEI dated April 26, 2010 (the "QCEI Second Amended LLC

Agreement").

60.   The QCEI Second Amended LLC Agreement was entered into

between QCEI and its Members, including QCEH.  (Ex. J.)

61.   Section 39(b)(i) of that Agreement provides that QCEI  shall,

> [t]o the extent not prohibited by mandatory provisions of law that cannot be waived … indemnify and hold harmless each of the Members, Protected Persons, officers of the Company (including Members when acting in the capacity as an officer of the Company), the Managers, their respective Affiliates and their respective officers, directors, employees, partners, members and shareholders (each, an 'Indemnitee') from and against any and all claims, liabilities, damages, losses, costs and expenses (including amounts paid in satisfaction of judgments, in compromises and settlements, as fines and penalties and legal or other costs and reasonable expenses of investigating or defending against any claim or alleged claim) of any nature whatsoever, known or unknown, liquidated or unliquidated, that are incurred by any Indemnitee and arise out of or in connection with (A) the affairs of the Company or the performance by such Indemnitee of any of the Indemnitee's responsibilities hereunder; (B) the service at the request of the Company by such Indemnitee as a partner, member, director, officer, trustee, employee or agent of any other Person or (C) the matters contemplated herein.

62.   Section 39(b)(ii) of the QCEI LLC Second Agreement provided that

QCEI shall pay reasonable, documented expenses incurred in defending any

action, suit or proceeding described in section 39(b)(i) in advance of the final disposition of such action, suit or proceeding, as such expenses are incurred.

63.     Plaintiff Cervantes Master LLC was a "member" of QCEH—itself a Member of QCEI—as that term is used in the QCEI Second Amended LLC Agreement, and thus is an Indemnitee under the Agreement's indemnification provisions.

64.     Plaintiffs Greg MacDonald and Dennis Smythe were "officers" of QCEH—a Member of QCEI— as that term is used in the QCEI Second Amended LLC Agreement, and thus are Indemnitees under the Agreement's indemnification provisions.

65.     Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee and John M. Moore were Managers of QCEH—a Member of QCEI—as that term is used in the QCEI Second Amended LLC Agreement, and thus are Indemnitees under the Agreement's indemnification provisions.

66.     Plaintiff Cervantes Finance LLC was an "Affiliate" of QCEH—a Member of QCEI—as that term is used in the QCEI LLC Second Agreement, and thus is an Indemnitee under the Agreement's indemnification provisions.  The Agreement defines Affiliate to mean "any Person that, directly or indirectly, controls, is controlled by, or is under common control with such Person."

2.      01:15

Cervantes Finance LLC was the owner of Cervantes Master LLC; Cervantes

Master LLC was a Member of QCEH.

### The Quiznos Bankruptcy & Threatened Claims Against Plaintiffs

67.     By July 2013, certain Plaintiffs became aware of an investigation

being conducted by counsel to Quiznos related to threatened litigation arising from

the 2012 Restructuring.  Plaintiffs began incurring attorney's fees and costs in July

2013 in response to and in anticipation of the threatened litigation, including in

connection with meetings with representatives and attorneys of Quiznos.

68.     These claims were manifested on March 14, 2014, when various

Quiznos entities—including QCE Finance LLC, American Food Distributors LLC,

National Marketing Fund Trust, QAFT, Inc., QCE, QFA Royalties LLC, QIP

Holder LLC, Quiz-CAN LLC, Quizno's Canada Holding LLC, Quiznos Global

LLC, The Quizno's Master LLC, The Quizno's Operating Company LLC, The

Regional Advertising Program Trust, Restaurant Realty LLC, and TQSC II LLC

(collectively the "Debtor Quiznos entities")—filed their Joint Prepackaged Chapter

11 Plan of Reorganization in the United States Bankruptcy Court for the District of

Delaware.  The Plan of Reorganization and accompanying Disclosure Statement

represented that the debtors would enter into a Specified Litigation Agreement

with Avenue and Fortress.

2.      01:15

69.     The Debtor Quiznos entities submitted their proposed Specified Litigation Agreement on April 25, 2014.  According to the Specified Litigation Agreement, QCE Finance LLC, on behalf of itself and its direct and indirect subsidiaries, QCE, on behalf of itself and its direct and indirect subsidiaries, Avenue, and Fortress announced their intention to assert claims against Plaintiffs arising from forecasts, projections, models, representations, and/or warranties made or provided in connection with the 2012 Restructuring (the "Specified Litigation").

70.     On May 12, 2014, the Debtor Quiznos entities confirmed a plan of reorganization that, among other things, discharges and enjoins certain pre-bankruptcy claims against the Debtor Quiznos entities.

71.     Defendants Quiz-DIA LLC, Quizmark LLC, and QCE Gift Card LLC were not among the Debtor Quiznos entities.  The discharge and injunctive protections the bankruptcy plan affords to the Debtor Quiznos entities do not apply to Defendants.

72.     The Specified Litigation threatened against Plaintiffs obligates Defendants to indemnify Plaintiffs pursuant to the Assignment, Assumption, and Release Agreement entered into by the parties on January 24, 2012.

73.     On July 1, 2014, Plaintiffs Richard E. Schaden, Richard F. Schaden, Frederick H. Schaden, Patrick E. Meyers, Thomas C. Ryan, Andrew R. Lee and

2.      01:15

John M. Moore requested indemnification from Defendants pursuant to the Manager Indemnification Agreements.  Defendants did not, within the ten day period established by the Manager Indemnification Agreements, advance payment of indemnifiable expenses.

74.     On July 1, 2014, Plaintiffs requested indemnification from Defendants pursuant to the QCEH Third Amended LLC Agreement.  As of the date of the filing of this Complaint, Defendants have not agreed to advance payment of claims, liabilities, damages, losses, costs and expenses pursuant to the Agreement.

75.     On July 1, 2014, Plaintiffs requested indemnification from Defendants pursuant to the QCEI Second Amended LLC Agreement.  As of the date of the filing of this Complaint, Defendants have not agreed to advance payment of claims, liabilities, damages, losses, costs and expenses pursuant to the Agreement.

**Indemnity Obligations Arising from Franchisee Litigation**

76.     Between December 19, 2012 and February 6, 2013, Plaintiffs Patrick E. Meyers, Richard E. Schaden, and Richard F. Schaden were named as defendants – along with various Quiznos entities – in the Franchisee Litigation, thirteen lawsuits filed by Quiznos franchisees:  (a) *Sweet Pickle Inc., et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7604 (District Court for the City and County of Denver); (b) *Viadeli, Inc., et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7633 (District Court for the City and County of Denver); (c) *Ranjer Foods*

2.        01:15

*LC, et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7607 (District Court for the City and County of Denver); (d) *PT Sak, LLC, et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7605 (District Court for the City and County of Denver); (e) *P&A Subs, Inc. et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7608 (District Court for the City and County of Denver); (f) *MMXII, Inc., et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7602 (District Court for the City and County of Denver); (g) *Marpa LLC, et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7610 (District Court for the City and County of Denver); (h) *MB Light House, Inc., et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7611 (District Court for the City and County of Denver); (i) *Jammu Inc., et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7606 (District Court for the City and County of Denver); (j) *Avengers, Inc., et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV7603 (District Court for the City and County of Denver); (k) *Longwood Foods LLC, and Kelbro LLC v. QFA Royalties LLC, et al.*, Case No. 2013CV030169 (District Court for the City and County of Denver); (l) *KTJW Enterprises, LLC et al. v. QFA Royalties LLC, et al.*, Case No. 2013CV30566 (District Court for the City and County of Denver); and (m) *Newrent Overland LLC, et al. v. QFA Royalties LLC, et al.*, Case No. 2012CV30563 (District Court for the City and County of Denver).

2.        01:15

77.     The claims asserted in all thirteen cases arose out of or were in connection with the affairs of QCEH, and Patrick E. Meyers, Richard E. Schaden, and Richard F. Schaden were sued in their capacity as managers and/or officers of Quiznos.

78.     Plaintiffs notified Quiznos of their right to indemnification for the Franchisee Litigation by letters on December 31, 2012, January 23, 2013, and January 29, 2013, pursuant to the August 30, 2006 Manager Indemnification Agreements and the QCEH Third Amended LLC Agreement.

79.     Plaintiffs incurred $3,679,002.22 in fees, costs, expenses, and liabilities in connection with the Franchisee Litigation.

80.     Defendants have not reimbursed Plaintiffs for any of the fees, costs, expenses, or liabilities incurred in connection with the Franchisee Litigation, as is their obligation under Plaintiffs' Manager Indemnification Agreements and the QCEH Third Amended LLC Agreement.

## FIRST CAUSE OF ACTION

### (Express Contractual Indemnification)

81.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

82.     As more fully alleged in paragraphs 37 through 41 above, Defendants (along with QCE and all of its direct and indirect subsidiaries) agreed on January

2.      01:15

24, 2012 to assume, take over and succeed to the indemnity obligations established by Plaintiffs' Manager Indemnification Agreements, the QCEH Third Amended LLC Agreement, and the QCEI Second Amended LLC Agreement.

83.    Plaintiffs have performed all the conditions and obligations to be performed on their part under the Manager Indemnification Agreements, the QCEH Third  LLC Agreement, and the QCEI Second Amended LLC Agreement.

84.    Plaintiffs have incurred, and continue to incur, necessary and reasonable attorney's fees, costs, expenses, and liabilities in connection with the Specified Litigation threatened by Avenue, Fortress, and various Quiznos entities, as well as the Franchisee Litigation.  By the terms of the Assignment, Assumption, and Release Agreement, Plaintiffs are entitled to recover these fees, costs, expenses, and liabilities from Defendants.  Defendants have breached their indemnity obligations, including their obligation to advance Plaintiffs' costs and attorney fees.

## SECOND CAUSE OF ACTION

### (Declaratory Relief, 10 Del. C. § 6501)

85.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

86.    Plaintiffs contend that the Manager Indemnification Agreements, the QCEH Third Amended LLC Agreement, and the QCEI Second Amended LLC

2.       01:15

Agreement, provide for the defense and indemnity of Plaintiffs in connection with the Specified Litigation claims and Franchisee Litigation.  Plaintiffs further contend that Defendants accepted, assumed, took over and succeeded to the indemnity obligations imposed by the Manager Indemnification Agreements, the QCEH Third Amended LLC Agreement, and the QCEI Second Amended LLC Agreement.

87.     Plaintiffs are informed and believe, and on that basis allege, that Defendants dispute these assertions.  As such, an actual controversy exists that requires a judicial declaration to determine the respective rights and obligations of the parties.

88.     Plaintiffs hereby request a judicial declaration that Defendants owed and owe Plaintiffs indemnification against all claims, liabilities, damages, losses, costs and expenses in connection with the Specified Litigation and the Franchisee Litigation.

## THIRD CAUSE OF ACTION

### (Award for Fees and Expenses for this Action)

89.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

90.     Under Delaware law, the Manager Indemnification Agreements, the QCEH Third Amended LLC Agreement, and the QCEI Second Amended LLC

2.        01:15

Agreement, Plaintiffs are entitled to an award of reasonable attorney's fees and expenses incurred in the event they are successful in whole or in part in prosecuting this action for indemnification and advancement.

91.     Plaintiffs have made multiple demands for indemnification and advancement from Defendants, which Defendants wrongfully refused to pay. Thus, through their conduct, Defendants have forced Plaintiffs to file this action for advancement and indemnification.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.     For Plaintiffs' attorney's fees, costs, expenses and liabilities incurred in connection with the Specified Litigation threatened by Avenue, Fortress, and various Quiznos entities;

2.     For Plaintiffs' attorney's fees, costs, expenses and liabilities incurred in connection with the Franchisee Litigation;

3.     For prejudgment and post-judgment interest on the aforementioned attorney's fees, costs, expenses and liabilities at the statutory legal rate;

4.     For a judicial declaration that Defendants are obligated to advance fees and costs and indemnify Plaintiffs against all claims, liabilities, damages, losses, costs and expenses in connection with the Specified Litigation;

2.     01:15

5.      For a judicial declaration that Defendants are obligated to indemnify Plaintiffs against all claims, liabilities, damages, losses, costs and expenses in connection with the Franchisee Litigation;

6.      For Plaintiffs' attorney's fees and costs incurred in connection with this proceeding; and

7.      For such other relief as the Court may deem proper.

                                        YOUNG CONAWAY STARGATT
                                            & TAYLOR, LLP

                                        */s/ John T. Dorsey*

                                        _____
                                        John T. Dorsey (No. 2988)
                                        Emily V. Burton (No. 5142)
                                        Rodney Square
OF COUNSEL:                             1000 North King Street
                                        Wilmington, DE  19801
Bruce S. Bennett                        Telephone: (302) 571-6600
Christopher Lovrien                     Facsimile: (302)-571-1253
JONES DAY
555 South Flower Street                 *Counsel for Plaintiffs Patrick E.*
Fiftieth Floor                          *Meyers, Richard E. Schaden, Richard*
Los Angeles, CA  90071.2300             *F. Schaden, Frederick H. Schaden,*
Telephone:  +1.213.489.3939             *Greg MacDonald, Dennis Smythe,*
Facsimile:  +1.213.243.2539             *John M. Moore, Thomas C. Ryan,*
                                        *Andrew R. Lee, Cervantes Master LLC,*
Dated:        July 11, 2014             *and Cervantes Finance LLC*

2.        01:15