IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02031-PAB-KLM

AVENUE CAPITAL MANAGEMENT II, LP, a Delaware limited partnership, et al.,

    Plaintiffs,

v.

RICHARD F. SCHADEN, an individual, et al.,

    Defendants.
_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendants' **Motion to Lift Discovery Stay** [#49][1] (the "Motion"). Plaintiffs filed a Response [#51] in opposition to the Motion. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), under which this case falls, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Motions to Dismiss [#26, #27] were filed in this case on October 3, 2014, thereby triggering the automatic stay provision of the PSLRA. *See Scheduling Order* [#48] at 10. The present Motion seeks to partially lift the stay and permit discovery of three categories of documents (the "Documents") sought by Defendants. *Motion* [#49] at 2. The

---

[1] "[#49]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Documents sought consist of the following: (1) documents and communications cited in the Amended Complaint; (2) "all due diligence and data rooms from the 2012 restructuring transaction in Plaintiffs' possession and control";[2] and (3) documents to be obtained by subpoena from third parties with relevant information.[3]  *Id.* at 6-8.  To obtain the Documents, Defendants must show that a partial lift of the stay is necessary to preserve them as evidence or will prevent undue prejudice to Defendants.  *See* 15 U.S.C. § 78u-4(b)(3)(B).

"In 1995, Congress responded to perceived abuses of federal securities class action litigation by passing the [PSLRA]." *In re Thornburg Mortg., Inc. Sec. Litig.*, No. CIV 07-0815 JB/WDS, 2010 WL 2977620, at *5 (D.N.M. July 1, 2010) (quoting *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1280 (10th Cir. 2008)).  "The PSLRA imposed certain limits on such litigation, including limits on recoverable damages and attorneys' fees, a 'safe harbor' for forward-looking statements, mandated sanctions for frivolous litigation, a stay of discovery pending any motion to dismiss, and heightened pleading requirements." *In re Thornburg*, 2010 WL 2977620, at *5 (quoting *Anderson*, 521 F.3d at 1280; citing *In re Enron Corp. Sec.*, 535 F.3d 325, 337 (5th Cir. 2008)).

"The legislative history of the PSLRA indicates that Congress enacted the discovery

---

[2] Defendants explain that "[d]ata rooms are used in transactions where one party seeks to disclose a large amount of confidential data to potential buyers during the due diligence process." *Motion* [#49] at 6 n.2.

[3] Defendants assert that the Documents are particularized requests consisting of clearly-defined categories of documents. *Motion* [#49] at 1-2; *cf. Response* [#51] at 7-8 (disputing this characterization of Defendants' request).  The Court notes that a "particularized discovery request" is "a necessary but insufficient part of a motion for partial lift of the PSLRA's mandatory stay." *In re Thornburg Mortg., Inc. Sec. Litig.*, No. CIV 07-0815 JB/WDS, 2010 WL 2977620, at *2 n.1 (D.N.M. July 1, 2010).

stay to prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement." *In re Thornburg*, 2010 WL 2977620, at *6 (quoting *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181 (S.D.N.Y.2004)). "Congress also enacted the mandatory stay of discovery to prevent plaintiffs from filing securities fraud lawsuits as a vehicle in order to conduct discovery in the hopes of finding sustainable claims not alleged in the complaint." *Id.* In addition,

> The PSLRA raises, but does not resolve, the question [of] what constitutes undue prejudice that would warrant lifting of the PSLRA stay provisions. The Senate Committee notes provide only one example of what the Senate had in mind as an appropriate application of the exception to the PSLRA discovery stay: "The Committee recognizes, for example, that a motion to dismiss may remain pending for a period of time, and that the terminal illness of an important witness may necessitate the deposition of the witness prior to ruling on the motion to dismiss."

*In re Thornburg*, 2010 WL 2977620, at *7 (footnote omitted).

Defendants argue that lifting the stay so that they can obtain the Documents is justified for the following reasons. First, Defendants argue that they should be permitted to discover the documents and communications on which Plaintiffs rely in the Amended Complaint. *Motion* [#49] at 6. Defendants assert that the Amended Complaint "attempts to construct a fraudulent conspiracy among Defendants based on communications and documents relating to the 2012 transaction," and argue that, "[g]iven that Plaintiffs quote from these documents and communications in their Complaint, it would impose virtually no burden on them to identify and collect such discovery for production." *Id.* Defendants further assert that "[t]his targeted discovery is critically important for Defendants, however, to enable them to show that Plaintiffs are misconstruing or misstating Defendants' communications to sustain a meritless securities fraud claim." *Id.*

Second, Defendants argue that they should be permitted to discover all due diligence and data rooms from the 2012 restructuring transaction that are in Plaintiffs' possession and control. *Id.* Defendants assert that "Plaintiffs' securities fraud claim is based upon the premise that two highly-sophisticated, multibillion dollar distressed-debt investment funds, and their Cayman Island and Jersey Island affiliates, converted their investment in Quiznos into equity because they relied on forward-looking projections that turned out to be wrong." *Id.* at 6-7. Defendants further argue that "[t]he due diligence materials disclosed by Plaintiffs as part of the 2012 transaction clearly are relevant," and "because this discovery would be composed of documents and responses that various Defendants provided to Plaintiffs as part of the 2012 transaction, it would not need to be reviewed for privilege." *Id.* at 7. In addition, Defendants aver that "[s]uch discovery is vitally important, however, so Defendants may establish that Plaintiffs' purported reliance on forward-looking projections as the stimulus for entering into the 2012 transaction is neither reasonable nor truthful." *Id.*

Third, Defendants argue that they should be permitted to serve subpoenas on third parties, "including, for example, financial advisors and consultants to the 2012 transaction," on the basis that "third parties with discoverable information are under no obligation to preserve potentially relevant evidence." *Id.* Defendants assert that "due to the nature of the 2012 restructuring, there are several third party entities[, including Quiznos, Lazard Ltd., and The Blackstone Group,] with documents central to Plaintiffs' claims." *Id.* Defendants argue that Plaintiffs already have or can easily obtain these documents without the need for engaging in formal discovery, such as Defendants must do. *Id.* at 7-8. Thus, Defendants claim that they are "being asked to prepare a defense to claims for securities

fraud from the position of a gross informational disadvantage." *Id.* at 8.

The Court finds Defendants' arguments unpersuasive. Plaintiffs first argue that the relevance of the Documents and the burden on them of producing the Documents, whether substantial or not, is legally irrelevant to the Court's analysis of whether to lift the stay. *Response* [#51] at 2. Indeed, all discovery must be relevant, *see* Fed. R. Civ. P. 26(b)(1), and case law does not take into account the burden on the opposing party of producing such discovery.[4] *See In re Thornburg*, 2010 WL 2977620, at *8 ("The Court believes the judicial recognition of these additional grounds[, such as examining whether lifting the stay would impose an undue burden on the opposing party,] would be inconsistent with the PSLRA's plain language and would be adding exceptions that Congress did not—for sound reasons—include."); 15 U.S.C. § 78u-4(b)(3)(B) (indicating that the only two areas to consider are the preservation of evidence and the prevention of undue prejudice to the movant).

Further, although the "targeted discovery" may be "critically important" for Defendants in this litigation, there is no indication as to why this discovery is critical at this juncture of the litigation and why Defendants would be subject to undue prejudice if not permitted to obtain this discovery now. *See Response* [#51] at 4. Indeed, the Motions to Dismiss [#26, #27] have been fully briefed since November 10, 2014, and Defendants do

---

[4] To the extent that Defendants argue that PSLRA's mandates are meant to protect the defendants in this type of litigation, and thus that Defendants here should be permitted discovery, the Court finds this argument unpersuasive as well, as the clear language of the statute provides that "all discovery" is to be stayed and that " any party" may seek to lift the stay only "to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Although Defendants argue that policy reasons support their request, they provide no legal authority supporting this interpretation of the statute.

not indicate how or why the requested discovery may be critical to their determination. Rather, Defendants merely generally claim that "Plaintiffs are attempting to use Defendants' own words against them, without giving Defendants the opportunity to access the underlying documents and demonstrate that Plaintiffs' claims are based on mischaracterizations and misdirection. Plaintiffs have no justification for hamstringing Defendants' ability to defend themselves other than maintaining the current information disparity that exists." *Motion* [#49] at 8. This general request is insufficient to demonstrate undue prejudice. *See, e.g.*, *Smith v. United States*, No. 13-cv-01156-RM-KLM, 2014 WL 6515677, at *3 (D. Colo. July 10, 2014) (stating that "Plaintiffs' nebulous reference to the need for discovery and conclusory assertions regarding denial of due process are insufficient to convince the Court that any specific discovery is necessary before determination of the" pending dispositive motion) (quoting *Smith v. United States*, 495 F. App'x 44, 49 (Fed. Cir. 2012) ("Here, the Court of Federal Claims properly denied Mr. Smith's request for discovery because it found that he failed to explain with sufficient specificity how discovery would help him . . . , and thus, permitting discovery would likely have unnecessarily delayed resolution of the matter.")).

Finally, Defendants do not state why preservation subpoenas may not be served on third parties to put those parties on notice of their duty to preserve certain documents. *See Response* [#51] at 11. Such requests are routinely granted during the mandatory stay imposed in PSLRA cases. For example, in *In re Smith Barney Transfer Agent Litigation*, No. 05 Civ. 7583(WHP), 2012 WL 1438241, at *3 (S.D.N.Y. Apr. 25, 2012), the court stated:

> Ultimately, Plaintiffs fail to demonstrate that the loss of evidence is imminent

-6-

> as opposed to merely speculative. The mere fact that the documents and information at issue are in the possession of a non-party to this action does not create an imminent risk of destruction. Nevertheless, Legg Mason's status as a non-party significantly increases the risk that evidence may be lost. As such, courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession.

(internal quotation marks and citations omitted). If they so choose, Defendants may pursue this avenue of preserving relevant documentary evidence held by third parties.

Based on the foregoing, the Court finds that Defendants have failed to demonstrate that the mandatory stay of discovery imposed in this matter under 15 U.S.C. § 78u-4(b)(3)(B) should be partially lifted for the purpose of obtaining the Documents that Defendants seek based on the alleged need to "to preserve evidence or to prevent undue prejudice to" Defendants. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#49] is **DENIED**.

Dated: February 20, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge